471 So.2d 650 (1985)
OIL CONSERVATIONISTS, INC., et al., Petitioners,
v.
Judd GILBERT, Respondent.
No. 84-1081.
District Court of Appeal of Florida, Fourth District.
June 26, 1985.
*651 Paul V. DeBianchi, P.A., and Harry G. Carratt of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for petitioners.
Arnold J. Slater, Lauderhill, for respondent.
GLICKSTEIN, Judge.
Defendant/petitioner, Oil Conservationists, Inc., seeks via petition for writ of certiorari review of a discovery order granted plaintiff/respondent, Judd Gilbert. The order issued in an action pursuant to section 607.157, Florida Statutes (1983), in which Gilbert seeks imposition of the statutory penalty for failure to allow shareholder inspection of corporate books and records. We grant the petition and quash the order.
*652 Judd Gilbert was formerly secretary-treasurer of Oil Conservationists, Inc., and apparently effectively managed its business. He owns 49% of the shares, and Barry Paul, the president and chief officer, owns the rest. There came a parting of the ways, and Gilbert now has a business of his own, Petroleum Management Corporation, that apparently competes with Oil Conservationists. There has been considerable litigation between the two ever since the split.
Gilbert made a demand, as a 49% stockholder of record, to examine Oil Conservationists' corporate books and records. When this was denied, Gilbert filed a suit for damages pursuant to section 607.157, Florida Statutes. Gilbert then filed a motion for an order permitting him to discover all of Oil Conservationists' corporate documents from April 15, 1983, to May 31, 1983. Oil Conservationists and Barry Paul responded, seeking a protective order, and alleging that discovery of those documents was part of the ultimate relief Gilbert was seeking, and therefore subject to the same defenses, and that disclosure should not occur through discovery.
Gilbert had also filed a notice of production for a non-party and issued a subpoena duces tecum without deposition, in order to cause the records custodian of Great American Bank of Davie to produce the cancelled checks of Oil Conservationists. Oil Conservationists objected. Barry Paul filed an affidavit, supporting both an earlier and a new motion for protective order. On April 18, 1984, the trial court issued an order, based on documentary evidence and argument of counsel in lieu of a hearing, denying petitioners' foregoing motions for protective orders. It required Oil Conservationists and Barry Paul to produce all books and records from the corporation's inception through October 15, 1982, to Gilbert's counsel, who may review these materials with accountants only. It is this order that Oil Conservationists and Barry Paul seek to have reviewed by their petition for writ of certiorari.
The issue is whether the trial court deviated from the essential requirements of law when it (a) denied petitioners' motions for a protective order and (b) ordered discovery of the corporation's books and records to respondent's counsel and accountant only. We conclude that it did.
The pertinent subsections of section 607.157, Florida Statutes (1983), are as follows:
(4) Any person who shall have been a holder of record of one quarter of 1 percent of shares or of voting trust certificates therefor at least 6 months immediately preceding his demand or shall be the holder of record of, or the holder of record of voting trust certificates for, at least 5 percent of the outstanding shares of any class or series of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person or by agent or attorney, at any reasonable time or times, for any proper purpose its relevant books and records of accounts, minutes, and record of shareholders and to make extracts therefrom.
(5) Any officer or agent who, or corporation which, shall refuse to allow any such shareholder or holder of voting trust certificates or his agent or attorney so to examine and make extracts from its books and records of account, minutes, and record of shareholders for any proper purpose shall be liable to such shareholder or holder of voting trust certificates in a penalty of 10 percent of the value of the shares owned by such shareholder, or in respect of which such voting trust certificates are issued, in addition to any other damages or remedy afforded him by law. It shall be a defense to any action under this section that the person suing therefor has within 2 years sold or offered for sale any list of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, has aided or abetted any person in procuring any list of shareholders or of holders of voting trust certificates for any such purpose, has improperly used any information secured *653 through any prior examination of the books and records of account, minutes, or record of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, or was not acting in good faith or for a proper purpose in making his demand.
(6) Nothing herein contained shall impair the power of any court of competent jurisdiction, upon proof by a shareholder or holder of voting trust certificates of proper purpose, irrespective of the period of time during which such shareholder or holder of voting trust certificates shall have been a shareholder of record or a holder of record of voting trust certificates, and irrespective of the number of shares held by him or represented by voting trust certificates held by him, to compel the production for examination by such shareholder or holder of voting trust certificates of the books and records of account, minutes, and record of shareholders of a corporation.
These provisions have enacted shareholders' common law rights into statutory rights, and created a penalty to discourage corporations from withholding from stockholders information in which they have a legitimate interest. Evidently, every state has adopted some version of the Model Business Corporations Act, from which the above sections are derived. It is readily apparent that the principal restrictions on the exercise of shareholders' inspection rights are that the requested inspection must be sought for a proper purpose and must be made in good faith. Additionally, the right must be exercised at a reasonable time, which is usually construed to mean during business hours. Balancing the penalty for non-disclosure provided against the corporation or any of its officers or agents, is a provision setting forth affirmative defenses. The defendant avoids the penalty if he proves the stockholder has within the previous two years made improper use of information obtained by inspection of the records of any corporation, or that the shareholder's demand is not in good faith or for a proper purpose. It is clear that underpinning the statute is a policy interest in maintaining a proper balance between the right of the shareholder to inspect corporate records for a proper purpose and the right of the corporation to prevent an inspection motivated by unmeritorious purposes.
A proper purpose is one that is lawful in character and not contrary to the interest of the corporation. It is one wherein a stockholder seeks information bearing upon the protection of his interest (and/or that of other stockholders), and not satisfaction of curiosity or a general fishing expedition. It is not sufficient merely to allege a proper purpose; rather, in each case, the facts must be examined. Sawers v. American Phenolic Corporation, 404 Ill. 440, 89 N.E.2d 374 (1949).
While there does not appear to be case law directly on point, petitioners cite case law, in cases seeking accounting, for purposes of analogy. The latest of these is National Shirt Shops, Inc. v. His & Hers, Inc., 451 So.2d 892 (Fla. 5th DCA 1984).
The opinion in full is as follows:
COBB, J.
The petitioner, National Shirt Shops, Inc., has petitioned this court for certiorari review seeking to quash a discovery order entered by the Circuit Court of Seminole County on February 20, 1984. Jurisdiction is predicated upon Florida Rule of Appellate Procedure 9.030(b)(3) and Article V, Section 4(b)(3) of the Florida Constitution.
The order herein compels petitioner to disclose financial information relating to the claim of the respondent, plaintiff below, for an accounting in an action for violation of the Florida trademark statute. Previously, we have granted certiorari in analogous cases wherein there was a court order for premature production of financial information. See East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982); Ponte Vedra Recorder, Inc. v. Carpenter, 401 So.2d 834 (Fla. 5th DCA 1981). This case cannot be distinguished from those.

*654 Accordingly, we grant certiorari and quash the order of February 20, 1984, for the reason that it does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which remedy by appeal would be inadequate.
PETITION GRANTED; ORDER QUASHED. (Dauksch and Sharp, JJ., concur.)
While suits for accountings are very different from corporate records inspection cases, we think the analogy appropriate. That which is sought to be revealed as the outcome of a suit should not be required to be produced prematurely. Whether Gilbert is entitled to inspect the corporate records is to be determined upon trial of the action in which the order was entered. To rule otherwise would allow Gilbert to achieve by discovery what the underlying action is intended to achieve.
Here, Gilbert has been denied access to the corporate records. He claims proper purposes for examining these records; the corporation and its majority stockholder claim he has improper purposes. Gilbert seeks to invoke the penalty, assumedly in order to compel Oil Conservationists and Paul to let him inspect the books. Without an evidentiary hearing, the trial court has for purposes of discovery granted Gilbert's attorney and accountant, but not Gilbert himself, the opportunity to inspect the corporation's records. Gilbert's attorney and accountant are commanded not to disclose, discuss, transfer, disseminate, or make known to any person, company, or corporation, including Gilbert, any information or documents obtained during discovery.
Florida Rule of Civil Procedure 1.280(b)(1) reads in pertinent part as follows:
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
If the instant claim is purely one for the statutory penalty, what facts that will support Gilbert's claim can be learned by inspecting the company records? Gilbert does not need to establish misconduct or mismanagement of the corporation or its officials or agents but merely his right to the inspection. If his adversaries seek to show he has improper purposes, he will try to show he does not. He does not need information from Oil Conservationists' corporate records to do this.
As our learned colleague Judge George W. Hersey pointed out recently in Graphic Associates, Inc. v. Riviana Restaurant Corporation, 461 So.2d 1011 (Fla. 4th DCA 1984), only matters relevant to the subject matter of the litigation are discoverable. A matter is relevant if it tends to establish a fact in controversy or to render a proposition in issue more or less probable. Zabner v. Howard Johnson's Inc. of Florida, 227 So.2d 543 (Fla. 4th DCA 1969). Whether Oil Conservationists improperly refused Gilbert access to corporate records, and therefore should be penalized, will not be illuminated by discovery of those records to Gilbert's attorney and accountant.
We hold that the order compelling production of certain corporate records for inspection by Gilbert's attorney and accountant constitutes a departure from the essential requirements of law, and quash that order.
*655 ANSTEAD, C.J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting.
In my opinion the petition for certiorari should be denied because it has not been shown that the order in question constitutes a departure from the essential requirements of law and that a plenary appeal would not afford a full and complete remedy to petitioner. Segal v. Roberts, 380 So.2d 1049 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1117 (Fla. 1980).