STOKER, Judge.
The plaintiffs’ mother was insured under a policy of insurance which provided for coverage of hospital and medical expenses resulting from the treatment of cancer. The defendant, American Family Life Assurance Company of Columbus (American Family Life), has appealed the judgment of the trial court awarding penalties and attorney’s fees pursuant to LSA-R.S. 22:658, to the plaintiffs, the children of Chloa En-terkin. Entitlement to proceeds under the policy is not at issue, as they have been paid. Plaintiffs have answered the appeal seeking an increase in the amount of penalties and attorney’s fees awarded.
American Family Life issued the cancer policy in this case to plaintiffs’ decedent, Chloa Enterkin. The insurance policy indemnifies the insured for a certain percentage of expenses incurred for the treatment of cancer, as defined by the policy, and which is first diagnosed as provided in the policy. American Family Life’s policy defines cancer as follows:
“A. Cancer is defined as a disease manifested by the presence of a malignant tumor characterized by the uncontrolled growth and spread of malignant cells, the invasion of tissue, or leukemia.
“Such cancer as above defined must be positively so diagnosed by a legally licensed doctor of medicine certified by the American Board of Pathology to practice Pathologic Anatomy or by an Osteopathic Pathologist, upon the basis of a microscopic examination of fixed tissue, or preparations from the hemic system (either during the life or post-mortem). The pathologist establishing the diagnosis shall base his judgment solely on the criteria of malignancy as accepted by the American Board of Pathology or the Osteopathic Board of Pathology after a study of the histocytologic architecture or pattern of the suspect tumor, tissue, *152 or specimen. Clinical diagnosis does not meet this standard.”
Pathological proof of cancer must be submitted to support the claim for benefits provided by the policy.
On June 19, 1984 Mrs. Enterkin submitted an insurance claim form to the defendant covering her hospitalization from April 14, 1984 to May 8, 1984 at LaSalle General Hospital. The diagnosis shown on this form was obstructive jaundice and carcinoma of the pancreas. The form was signed by the hospital’s insurance clerk. An assignment of benefits to the hospital at the bottom of the form was signed by Mrs. Enterkin. American Family Life received the claim form on June 22, 1984. A letter was sent by defendant’s claims department to Mrs. Enterkin on June 27, 1984. That letter requested that the insured send a pathology report, as required by the policy, and a completed surgeon’s claim form in order for the defendant to process the claim. Instead, another claim form dated July 3, 1984 was submitted to and received by the defendant on July 9, 1984. The same letter was again sent to Mrs. Enterkin by defendant on July 18, 1984. No further action was taken on the claim by either the insured or the insurer until Mrs. Enterkin filed this suit on October 4, 1984.
Defendant’s attorney wrote the plaintiff’s attorney on October 17, 1984 informing him that the company had not denied the plaintiff’s claim, it simply could not process it until the requested medical information (pathology report) was supplied. By letter dated November 12, 1984 plaintiff's attorney enclosed a medical report from the plaintiff’s treating physician, I.C. Turnley, Jr. That medical report explained that the plaintiff did indeed have cancer and no biopsy was done because of the chance of complications involved in taking a biopsy in the area of the pancreas. Based upon this report, and without further question, defendant issued a draft in the amount of $1,935 in payment of Mrs. Enterkin’s claim.
However, defendant was unsure of who would be the proper party to receive payment since the plaintiff had assigned her benefits to the hospital, and the defendant had no proof that the hospital had been paid. Accordingly, defendant’s attorney requested this information from plaintiff’s attorney by letter dated December 12, 1984 and informed him that unless the information was provided, the benefits would be deposited into the registry of the court and a concursus proceeding invoked. Plaintiff’s attorney responded on December 14, 1984, not with the requested information, but with a threat that there would be no settlement if a concursus proceeding were invoked. Defendant’s attorney again requested the information by letter dated December 19, 1984. On December 27, 1984 plaintiff’s attorney sent a receipt from La-Salle General Hospital, dated December 17, 1984 in the amount of $185, showing a beginning balance of $185 and a balance due of zero. The hospital bill for April 14, 1984 to May 8, 1984, submitted by plaintiff on June 19, 1984, had been in excess of $13,000. Thereafter, defendant’s attorney wrote directly to the hospital requesting proof of payment. Mrs. Enterkin subsequently died on January 29, 1985.
No further information was provided to the defendant. On April 2, 1985 defendant requested that a concursus be invoked and deposited the draft for $1,935 into the registry of the court. Subsequent to that action, in May 1985 defendant subpoenaed the decedent’s hospital records and discovered a second period of hospitalization extending from March 30, 1984 through April 12, 1984. Neither of the two claim forms filed by plaintiff mentioned hospitalization for this period. Defendant again requested that plaintiff's attorney have certain claim forms completed in order to process a claim for those benefits. No information was forwarded by plaintiff's attorney until a later date. Plaintiff’s heirs were not substituted as parties plaintiff until May 14, 1985.
Additional benefits due for the first hospitalization were deposited into the court’s registry on July 26, 1985. All funds depos *153 ited were eventually withdrawn by the plaintiffs without opposition.
Plaintiffs filed a motion for summary judgment which was granted by the trial court in favor of the plaintiffs for penalties in the amount of $232.20 and attorney’s fees in the amount of $750. The trial court found that the defendant had acted arbitrarily, capriciously and without probable cause in failing to timely pay the benefits due for the hospitalization of April 14, 1984 through May 8, 1984. The trial court found that benefits for the later discovered hospitalization had been timely paid.
In finding that the benefits for the first hospitalization had not been paid timely, the trial court attached great significance to the defendant’s failure to supply appropriate claim forms to the plaintiff. The trial court found that the plaintiff gave timely notice of her claim as required by the terms of the policy. It then went on to say that the defendant was then to supply certain claim forms to the insured. It did not do this, but instead requested that the plaintiff supply the company with certain forms. The trial court determined that the plaintiff had fulfilled her obligations under the policy. We do not believe that the resolution of the issue in this case involves whether the appropriate claim forms were used by the plaintiff or issued by the defendant. The issue is whether the plaintiff supplied the required pathological evidence or something in lieu of it to support the claim which was submitted. We do not find that the particular clause in the insurance contract relied upon by the trial court in finding arbitrary and capricious behavior by the defendant to be relevant to the issue herein. The pertinent inquiry is whether satisfactory proof of loss was submitted by the plaintiff as required by the policy.
The statute governing an award of penalties and attorney’s fees for failure to timely pay the benefits provided by this cancer policy is LSA-R.S. 22:658. That statute provides, in pertinent part, that:
“A. All insurers issuing any type of contract, other than those specified in R.S. 22:656 and R.S. 22:657, shall pay the amount of any claim due any insured, including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950, within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest.
“B. (1) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of twelve percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, twelve percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.”
The trial court found that the defendant did not pay benefits within 60 days and applying the “reasonably prudent businessman” test found the defendant was arbitrary, capricious and without probable cause in failing to pay.
LSA-R.S. 22:658 is a statute that is penal in nature and, consequently, must be strictly construed. An insured who claims penalties and attorney’s fees for an insurer’s failure to timely pay a claim has the burden of proving that the insurer has received satisfactory proof of loss as a necessary predicate to showing that the insurer was arbitrary, capricious or without probable cause in failing to pay. Hart v. Allstate Insurance Co., 437 So.2d 823 (La.1983). A satisfactory proof of loss which would justify an assessment of penalties and attorney’s fees against an insurer for failing to pay an insured’s claim within 60 days of submission is that which is sufficient to fully apprise the insurer of the insured’s claim. McDill v. Utica Mutual Insurance Co., 475 So.2d 1085 (La.1985).
*154 Our review of the decedent’s cancer policy leads us to the conclusion that either a pathological diagnosis of cancer or some statement from the treating physician indicating why no biopsy could be performed is required to establish a satisfactory proof of loss. Submitting a standard insurance claim form containing a statement of the diagnosis as cancer without more, as required by the policy, is insufficient to fully apprise the insurer of the confirmed existence of cancer.
These types of policies are contracts to provide indemnification for expenses incurred for treatment of cancer. We do not believe that it is unreasonable to require an insured to provide the insurer with the necessary diagnosis required by the policy of insurance or a reasonable explanation as to why it cannot be provided.
In this case, the defendant, on two different occasions within 30 days after Mrs. Enterkin’s insurance claim form was first submitted, requested that Mrs. Enter-kin provide it with the required diagnostic report. Mrs. Enterkin did not do this nor did her attorney until after this suit was filed. We agree with the trial court’s findings of fact, yet disagree with its ultimate factual conclusion that the defendant acted arbitrarily, capriciously and without probable cause in failing to timely pay Mrs. Enterkin’s claim. The trial court was clearly wrong in so finding. LSA-R.S. 22:658 provides for 60 days within which to pay a claim after receipt of satisfactory proofs of loss. We find, in this instance, that the defendant did not receive such satisfactory proofs of loss until the time that it received Dr. Turnley’s letter of November 5, 1984. This letter could have been provided to the insurer in response to its earlier requests for the required pathological diagnosis.
It is our finding that, given the facts and circumstances of this case, the defendant paid the claim within 60 days of its receipt of satisfactory proof of loss, Dr. Tumley’s report. Its subsequent inability to tender the amount due to the appropriate party was due to circumstances over which it had no control. We find that the defendant was justified in dealing with the parties as it did. The trial court was clearly wrong in finding otherwise.
Accordingly, the judgment of the trial court is reversed, vacated and set aside, and the plaintiffs’ suit dismissed with prejudice. The costs of this appeal are assessed against the plaintiffs-appellees.
REVERSED.