707 So.2d 900 (1998)
UNIVERSAL ENGINEERING TESTING COMPANY, INC., et al., Petitioners,
v.
Deborah ISRAEL, as Trustee of the Israel Children's Trust, Respondent.
No. 97-3103.
District Court of Appeal of Florida, Fifth District.
March 6, 1998.
*901 Michael L. Gore of Shutts & Bowen LLP, Orlando, for Petitioners.
Michael R. Levin and Richard S. Geller of Rumberger, Kirk & Caldwell, A Professional Association, Orlando, for Respondent.
PETERSON, Judge.
Petitioners, Universal Engineering Testing Company, Inc., ("Universal"), and three stockholders owning 90% of the capital stock of Universal, seek certiorari review of a non-final discovery order allowing respondent, Deborah Israel, as Trustee of the Israel Children's Trust, to review Universal's corporate records. We grant the petition and quash the order allowing discovery.
Respondent sought review of Universal's corporate records pursuant to section 607.1602, Florida Statutes (1995).[1] The request was denied by Universal on the grounds that she was not a stockholder and that she failed to assert a purpose for the review. Israel responded by filing an action for declaratory judgment determining that she was indeed a stockholder. It is in that action that the trial court ordered production of Universal's tax records and financial statements. The order led to this petition.
Respondent claimed, first, that she is the Trustee of a trust holding 30% of the capital stock of Universal for the benefit of the successors of her deceased daughter and also for the benefit of her two sons, both of whom are petitioners in this action. She alternatively argued before the trial court that if the documentation establishing the trust naming her as trustee was ineffective to place the stock in trust, she is a five percent stockholder because she is a beneficiary of her daughter's estate. The trial court apparently relied on the latter argument in granting the discovery finding a reasonable likelihood that a showing would be made that respondent owned an interest. The estate, however, is still in probate and no distribution of the stock from the personal representative has taken place.
Review by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. Allstate Insurance Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); see also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). In the instant case, we find the trial court abused its discretion by requiring disclosure of confidential and proprietary documents before the ultimate issue of respondent's stockholder status and her right to review and inspect those same documents under section 607.1602 has been decided. See Oil Conservationists, Inc. v. Gilbert, 471 So.2d 650 (Fla. 4th DCA 1985); Picerne Development Corporation of Florida v. Tasca & Rotelli, 635 So.2d 149 (Fla. 4th DCA 1994) (the court granted a writ of certiorari and quashed a discovery order in a suit for an accounting because the order required production of financial documents which would constitute part of the accounting itself, before a determination was made that a basis for an accounting had been established).
*902 Respondent cannot be allowed to bypass the showing required under section 607.1602 to copy financial corporate records by obtaining those documents through the discovery process. We note respondent failed to first show to the court that the requested discovery was necessary to establish ownership or that equivalent information was not available. It would seem appropriate for the trial court to first inspect the requested records in camera to determine their relevance on the question of respondent's shareholder status, before allowing respondent to review them.
We further find that respondent's attempt to rely on her likely inheritance of a portion of her daughter's shares is misplaced. Her daughter's estate is still being administered and no distribution has taken place. Additionally, respondent did not seek disclosure of the corporate records as a potential beneficiary of that estate, but rather in her capacity as trustee of the Israel Children's Trust.
We quash the discovery order and remand without prejudice to allow the respondent to show that the requested records are relevant and necessary to establish the question of ownership, and if that threshold is passed, to allow the trial court to hold an in camera inspection of the documents to determine their relevance on that issue.
PETITION GRANTED; ORDER QUASHED.
W. SHARP, and HARRIS, JJ., concur.
NOTES
[1] Section 607.1602, Florida Statutes, allows a shareholder to inspect certain records of a corporation only if the shareholder's demand is made in good faith and for a proper purpose, the shareholder describes the purpose and records with reasonable particularity, and the records requested are directly connected with the shareholder's purpose.