841 So.2d 500 (2003)
Nelson DURAN, Petitioner,
v.
MFM GROUP, INC., Frank Ferrer, William Daniel Lamey, a.k.a. W. Daniel Lamey, Respondents.
No. 3D02-2371.
District Court of Appeal of Florida, Third District.
February 19, 2003.
Rehearing Denied April 4, 2003.
Lopez & Best, and Virginia M. Best, Miami, for petitioner.
*501 Ezell & Menendez, and Boyce F. Ezell, III, Miami, for respondents.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
PER CURIAM.
Petitioner, Nelson Duran ("Duran"), seeks certiorari review of a non-final discovery order denying his motion to compel deposition testimony from a non-party witness in a breach of fiduciary duty case brought against respondents MFM Group, Inc., Frank Ferrer, and William Daniel Lamey (hereafter collectively referred to as "MFM"). We deny certiorari finding Duran has failed to demonstrate a departure from the essential requirements of law that cannot be remedied on plenary appeal.
During the course of discovery, Duran sought to depose a former employee of MFM in order to obtain financial information. The former employee appeared for deposition but was instructed by MFM's counsel not to answer certain financial questions based upon the accountant-client privilege. See § 473.316, Fla. Stat. (2002).
Duran's counsel then terminated the deposition and filed a motion to compel the former employee's testimony regarding MFM's financial statements and other financial matters. The trial court denied the motion, noting the former employee did have a current certified public accountant license, and was licensed at the time he gave the deposition. Duran now seeks certiorari review from the adverse order.
As a general rule, certiorari will not be granted to review an order denying discovery since any error in denying the requested discovery can be remedied on plenary appeal. See Palmer v. WDI Systems, Inc., 588 So.2d 1087 (Fla. 5th DCA 1991). Exceptions are made only in those cases involving a material witness who possesses information "going to some fact affecting the merits of the cause and about which no other witness might testify." Wingate v. Mach, 117 Fla. 104, 157 So. 421, 422 (1934); see also Lifemark Hospitals of Florida, Inc. v. Hernandez, 748 So.2d 378 (Fla. 3d DCA 2000)(expert medical witness required to be deposed because her testimony was material to a central issue in the case).
Such is not the case here. No showing has been made that the former employee is the only source for the financial information sought by Duran. To the contrary, it appears there are many other witnesses who can testify to the same information, including, but not limited to, the two individual defendants as well as the outside accountant who prepared MFM's taxes.
In any event, Duran is not entitled to certiorari review because he has not demonstrated that the denial of his motion constitutes "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla.1983). Duran's claims against MFM are premised upon his ability to establish his status as a shareholder. Until that status is conclusively established, Duran is not entitled to MFM's financial information. See Universal Eng'g Testing Co., Inc. v. Israel, 707 So.2d 900 (Fla. 5th DCA 1998). Since Duran is not entitled to the information until his disputed status as a shareholder has been resolved, there is no departure from the essential requirements of law.
Accordingly, for the reasons stated above, we deny the petition for certiorari. See Sardinas v. Lagares, 805 So.2d 1024 (Fla. 3d DCA 2001); Universal Eng'g Testing Co., Inc. v. Israel, 707 So.2d at 900; Bared & Co., Inc. v. McGuire, 670 *502 So.2d 153 (Fla. 4th DCA 1996); Palmer v. WDI Systems, Inc., 588 So.2d at 1087.
Certiorari denied.