DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PJS CONSULTING, INC.; PAUL J. SIERRA
CONSTRUCTION, INC.; SIERRA CONSTRUCTION &
RESTORATION, INC.; SIERRA RESIDENTIAL HOLDINGS,
LLP; SIERRA COMMERCIAL HOLDINGS, LLP; and
EAS HOLDINGS, LLP,

Petitioners,

v.

GINA SIERRA,

Respondent.

No. 2D2025-0803

_____

April 15, 2026

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Christopher C. Nash, Judge.

Heather A. DeGrave of Hahn Loeser & Parks, LLP, Tampa, for
Petitioners.

Joseph H. Lang, Jr., of Carlton Fields, P.A., Tampa, for Respondent.

PER CURIAM.

PJS Consulting, Inc.; Paul J. Sierra Construction, Inc.; Sierra

Construction & Restoration, Inc.; Sierra Residential Holdings, LLP; Sierra

Commercial Holdings, LLP; and EAS Holdings, LLP, initiated this

proceeding as an appeal from the trial court's order granting Gina Sierra's motion for an order directing immediate production of business records. After consideration of supplemental jurisdictional briefs from the parties, we treat this appeal as a petition for writ of certiorari.[1] *Cf. Universal Eng'g Testing Co. v. Israel*, 707 So. 2d 900, 901-02 (Fla. 5th DCA 1998) (involving petition for writ of certiorari directed at order requiring corporation to produce business records at request of alleged stockholder); *Jewelers Int'l Showcase, Inc. v. Mandell*, 529 So. 2d 1211, 1212 (Fla. 3d DCA 1988) (similar); *Oil Conservationists, Inc. v. Gilbert*, 471 So. 2d 650, 652-54 (Fla. 4th DCA 1985) (similar). Having considered this case on the merits, we hold that petitioners have failed to demonstrate a departure from the essential requirements of the law. We therefore deny the petition.

Denied.

NORTHCUTT, MORRIS, and SMITH, JJ., Concur.

---

Opinion subject to revision prior to official publication.

---

[1] Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought . . . .").