441 So.2d 1120 (1983)
Jorge DeMOYA, Appellant,
v.
William R. WALSH, Appellee.
Nos. 83-848, 83-1580.
District Court of Appeal of Florida, Third District.
November 8, 1983.
Rehearing Denied December 21, 1983.
Miguel A. Pirez-Fabar, Coral Gables, for appellant.
Linda Gurfein Miklowitz and John H. Beck, Tallahassee, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Appellee's characterization of his government co-worker as a "raving maniac" and "raving idiot", during the course of a heated professional disagreement in the presence of a small group of other co-workers, may have been personally insulting, but did not constitute actionable slander. Compare Eastern Airlines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983) (a statement that although ostensibly in the form of an opinion "implies the allegation of undisclosed defamatory facts as the basis for the opinion" is actionable) with other cases cited therein, e.g., Wetzel v. Gulf Oil Corp., 455 F.2d 857 (9th Cir.1972) (calling plaintiff "nuts" and "crazy" in context of and in response to plaintiff's demand that gas station pay for costs incurred when attendant at defendant's gas station allegedly added wrong fluid to brake fluid considered to be non-actionable expression of pure opinion *1121 based on disclosed facts); Lampkin-Asam v. Miami Daily News, Inc., 408 So.2d 666, 667 n. 1 (Fla. 3d DCA 1981), rev. denied, 417 So.2d 329 (Fla.), appeal dismissed, ___ U.S. ___, 103 S.Ct. 29, 74 L.Ed.2d 44 (1982) (article characterizing accusations made by plaintiff as "almost paranoid" considered to be expression of pure opinion entitled to absolute constitutional protection).
The record supports the trial court's determination that, as a matter of law, the statements sued on were pure opinion based on disclosed facts. See From v. Tallahassee Democrat, Inc., 400 So.2d 52, 56-57 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 465 (Fla. 1982).
Summary judgment is AFFIRMED.