450 So.2d 293 (1984)
Leroy HAY, Appellant,
v.
INDEPENDENT NEWSPAPERS, INC., and Phillip A. Pettus, Appellees.
No. 83-215.
District Court of Appeal of Florida, Second District.
May 2, 1984.
*294 David C. Holloman of Holloman & Lambert, Arcadia, for appellant.
W. Cort Frohlich of Wotitzky, Wotitzky, Mandell, Batsel, Wilkins & Frohlich, Punta Gorda, for appellees.
SCHOONOVER, Judge.
This is an appeal from a final judgment dismissing a libel action with prejudice. We affirm.
Appellant, Leroy Hay, filed an action alleging that appellees, Independent Newspapers, Inc., publisher of the Arcadian, a newspaper in DeSoto County, Florida, and Phillip A. Pettus, Editor, committed libel by publishing an article in the Arcadian referring to appellant as a crook and a criminal.
The article, a letter to the editor, published in the "The Forum, Opinion" section of the newspaper, provided as follows:
What's happened to our laws?
Editor:
What has happened to our laws? Monday the state attorney's office announced its intention not to prosecute Leroy Hay, Fort Ogden, and Rich Heath, Fort Lauderdale, and the judge fines Henry Hay $5,000 and gives him 5 years probation.
This makes me sick! Catch a crook, pat him on the back and let him go free. I wonder how many laughs they have had on this, at the taxpayers expense.
No wonder the young people today have no respect for law and order  look at the fine examples you judges and lawyers give them. You twist the laws so the crooks can go free. It makes one wonder who really is the criminal.
It's time, you judges, lawyers, and leaders of our land, to take a good look at yourselves. Who are you really trying to protect, the crook, the innocent, or maybe your pocketbooks?
 Concerned
 Name withheld by request.
The trial court held the alleged libelous language was an expression of unactionable opinion protected by the First Amendment of the United States Constitution and granted appellees' motion to dismiss the complaint. After appellant declined an opportunity to further amend his complaint, a final judgment dismissing the action with prejudice was entered. This appeal timely followed.
It is undisputed that appellant is a private person and not a public official or public figure. To state a cause of action for libel, a private person must allege publication (1) of false and defamatory statements of and concerning that private person, (2) without reasonable care as to the truth or falsity of those statements, (3) *295 resulting in actual damage to that private person. Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982); Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983); Tribune Co. v. Levin, 426 So.2d 45 (Fla. 2d DCA 1982).
Whether a statement is one of fact or one of opinion is a question of law. From v. Tallahassee Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981) petition for review denied 412 So.2d 465 (Fla. 1982). False statements of fact of or concerning a private person are not protected by the Constitution, but expressions of opinion are. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).
There is a distinction between pure expression of opinion and mixed expression of opinion. Pure opinion is based upon facts that the communicator sets forth in a publication, or that are otherwise known or available to the reader or the listener as a member of the public. Mixed opinion is based upon facts regarding a person or his conduct that are neither stated in the publication nor assumed to exist by a party exposed to the communication. From. Rather, the communicator implies that a concealed or undisclosed set of defamatory facts would confirm his opinion. Kotlikoff v. The Community News, 444 A.2d 1086 (N.J. 1982). Pure opinion is protected under the First Amendment, but mixed opinion is not. See From.
In determining whether an alleged libelous statement is pure opinion, the court must construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in the publication. The court must consider the context in which the statement was published and accord weight to cautionary terms used by the person publishing the statement. All of the circumstances surrounding the publication must be considered, including the medium by which it was disseminated and the audience to which it was published. Information Control v. Genesis One Computer Corp., 611 F.2d 781 (9th Cir.1980) cited with approval in From.
The complaint in the case sub judice was defective because it was based upon an expression of pure opinion and therefore failed to allege a false and defamatory statement of and concerning the appellant. The complaint alleged that statements contained in the article referred to the appellant as a crook and a criminal. These statements were based in part upon facts disclosed in the article, but the fact that criminal charges had been filed against the appellant was either known or readily available to the reader as a member of the public. Furthermore, the statements were made in a letter to the editor published in a section of the newspaper titled "The Forum, Opinion," and the letter was directed not toward the appellant, but toward the judicial system. Applying the principles hereinabove set forth, we hold the statement was a pure expression of opinion and accordingly protected by the First Amendment of the United States Constitution. See also Demoya v. Walsh, 441 So.2d 1120 (Fla. 3d DCA 1983) (characterization of co-worker as "raving maniac" and "raving idiot" was pure opinion based on disclosed facts); Kotlikoff (accusations of mayor's involvement in "huge coverup" and "conspiracy" were, in context, protected expressions of opinion); contra Rinaldi v. Holt, Rinehart & Winston, Inc., 42 N.Y.2d 369, 397 N.Y.S.2d 943, 366 N.E.2d 1299, cert. denied, 434 U.S. 969, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977) (accusations of criminal activity, even in form of opinion, are not constitutionally protected).
The complaint was further defective because it failed to allege fault upon the part of appellee in publishing statements without regard to their truth or falsity. The complaint alleged that the published matter referred to appellant as a crook and a criminal and was therefore libel per se. The Supreme Court of Florida has held that a person commits libel per se when he charges that another is a crook, unless the communication is privileged. Commander v. Pedersen, 116 Fla. 148, 156 So. 337 *296 (1934). Assuming arguendo that we had held the references to the appellant as a crook and criminal to be nonprivileged, false, and defamatory fact statements as opposed to pure opinion, this allegation would have been sufficient to satisfy the fault requirement prior to Gertz. Until Gertz, the law conclusively implied malice and damage if the defamatory language was libel per se. Johnson v. Finance Acceptance Co., 118 Fla. 397, 159 So. 364 (1935).
In Gertz, however, the United States Supreme Court stated:
We hold that, so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual.
418 U.S. at 347, 94 S.Ct. at 3010.
Pursuant to Gertz, this court has adopted the negligence standard as the appropriate standard of liability in connection with defamatory statements concerning a private individual. Tribune v. Levin; see also Miami Herald (negligence standard adopted by Third District Court of Appeal); Boyles (negligence standard adopted by Fifth District Court of Appeal). Although libel per se still exists in Florida where nonprivileged defamatory words are deemed injurious upon their face without resort to extrinsic proof, it is not sufficient for a plaintiff to merely raise a presumption of malice. Fault must be alleged. Miami Herald; Boyles. Therefore, the trial court properly dismissed the complaint because the alleged libelous language was an expression of unactionable opinion, but even if the expression had been actionable, dismissal would have been proper because appellant failed to allege fault.
AFFIRMED.
GRIMES, A.C.J., and LEHAN, J., concur.