512 So.2d 294 (1987)
Alphonse DELLA-DONNA, Appellant,
v.
Catherine YARDLEY, Appellee.
No. 4-86-0603.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
*295 Jonathan W. Lubell of Lubell & Lubell, New York City, and Sturrup & Della-Donna, P.A., Fort Lauderdale, for appellant.
Melanie G. May of Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
The plaintiff, an attorney, brought a libel action against the author of a letter written to the editor of the Fort Lauderdale News. The trial court entered a final summary judgment for the defendant.
The following letter was written in response to numerous articles on the subject of the "Nova trust", which the defendant had construed as "anti-Nova university":
Makes A Travesty
I have no ties with Nova University other than being a resident of Broward County and therefore delighted to enjoy the enrichment it gives us  culturally, intellectually and financially. It is in Broward, it does enable our citizens to attend school in this county, we do benefit from the addition of its scholarly faculty, its huge payroll. I don't understand how Mr. Della-Donna can call it a non-local institution when it is physically in Broward and allows our people to remain here for a higher education. Nova seems to extend itself to accommodate its students, so that many can continue to work and still attend classes.
Nova University has never seemed to hide its connection with NYTT. The consortium has been widely publicized, has given Nova an added depth and financial stability. As a native Floridian I admire the contributions of New York and New Yorkers to our world; why does Mr. Della-Donna display such an aversion to another state in a society made up almost wholly of transplants  many originally from New York?
Your newspaper has several times made public the salaries of Nova officials, but I have never seen mentioned the financial benefits accruing to Mr. Della-Donna from his intransigence in carrying out the instructions of Mr. Goodwin and the courts. One would assume from the arrogance he displays that it is his own money he is disposing of. And perhaps by now much of it is. I think we have the right to know just how much the Trust has paid him so far in his fight to keep Nova from obtaining its bequest, and what his reward will be for continuing to thwart Mr. Goodwin's will. His excuses for not turning the money over to Nova are so flimsy that his reason must be his own feather bedding.
How long will the legal system allow this one man to make a travesty of the courts? Until he has destroyed the law school Mr. Goodwin wanted to build? Until he has undermined our university that does us all credit? How can one person get away with defying the courts, while burning up the resources left to finance a locally beneficial institution and making himself wealthy simultaneously? If this is an example of law and justice, maybe he's right after all  perhaps we don't need another school for lawyers.

Catherine Yardley Fort Lauderdale
If the statements constitute pure opinion, the author is entitled to first amendment protection. The trial court found that the contents of the letter, "when read as a whole and in context, are at worst statements of opinion on a matter of public controversy." The appellant maintains that the statements are not expressions of pure opinion, but are assertion of fact, or of mixed fact and opinion. He contends that the letter implies that the author was in possession of undisclosed facts, and that she knew something she was not saying in support of the letter's defamatory conclusions.
Whether a statement is one of fact or opinion is a question of law for resolution by the trial or appellate court. Sullivan v. Barrett, 510 So.2d 982 (Fla. 4th DCA 1987); Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla. 1986); From v. Tallahassee *296 Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 465 (Fla. 1982).
In Hay v. Independent Newspapers, Inc., 450 So.2d 293 (Fla. 2d DCA 1984), the defendant had published a letter to the editor referring to the plaintiff as a crook and a criminal. The court adopted the test applied in From:
There is a distinction between pure expression of opinion and mixed expression of opinion. Pure opinion is based upon facts that the communicator sets forth in a publication, or that are otherwise known or available to the reader or the listener as a member of the public. Mixed opinion is based upon facts regarding a person or his conduct that are neither stated in the publication nor assumed to exist by a party exposed to the communication. From. Rather, the communicator implies that a concealed or undisclosed set of defamatory facts would confirm his opinion. Kotlikoff v. The Community News, [89 N.J. 62] 444 A.2d 1086 (N.J. 1982). Pure opinion is protected under the First Amendment, but mixed opinion is not. See From.

In determining whether an alleged libelous statement is pure opinion, the court must construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in the publication. The court must consider the context in which the statement was published and accord weight to cautionary terms used by the person publishing the statement. All of the circumstances surrounding the publication must be considered, including the medium by which it was disseminated and the audience to which it was published. Information Control v. Genesis One Computer Corp., 611 F.2d 781 (9th Cir.1980) cited with approval in From.

Hay, 450 So.2d at 295.
We concur in the conclusion of the trial court that the statements in the letter are entitled to first amendment protection, taking into consideration the context of the letter, the fact that it was in response to prior publications[1] on a matter of controversy, and the manner in which it was worded. Sullivan; Zambrano; Hay; From. See also Palm Beach Newspapers, Inc. v. Early, 334 So.2d 50 (Fla. 4th DCA 1976); Demoya v. Walsh, 441 So.2d 1120 (Fla. 3d DCA 1983); Coleman v. Collins, 384 So.2d 229 (Fla. 5th DCA 1980). The judgment of the trial court is therefore affirmed.
HERSEY, C.J., and DOWNEY, J., concur.
NOTES
[1] For previous litigation concerning this general subject matter, see Della-Donna v. Gore Newspapers Co., 489 So.2d 72 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1294, 94 L.Ed.2d 150 (1987).