588 So.2d 1087 (1991)
Arnold D. PALMER, et al., Petitioners,
v.
WDI SYSTEMS, INC., Respondent.
No. 91-1636.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
Steven L. Brannock, Edward C. Adkins, Frederick J. Grady and Christopher M. Kise of Holland & Knight, Tampa, for petitioners.
M. Susan Sacco of Broad and Cassel, Maitland, for respondent.
GRIFFIN, Judge.
Petitioners seek a writ of certiorari to quash an order of the trial court denying petitioners production of documents. The suit below is an action commenced by respondent to recover a $3 million deposit made pursuant to the parties' agreement for sale and purchase of the stock of TBHC, Inc., which owns the resort property in Orange County known as the Bay Hill Club and Lodge. The documents requested from respondent concern an issue raised in petitioners' answer and counterclaim that respondent never had the financial ability to close the purchase, and, therefore, respondent's attempts to rely on various breaches by petitioners to terminate the agreement were a legally ineffective subterfuge. Petitioners rely principally on warranty provisions of the agreement that the buyer:
has assets sufficient to allow it to consummate the transactions contemplated by this agreement, or it has preliminary financing commitments which would enable it to consummate the transactions contemplated by this agreement... .
Petitioners contend the respondent, as assignee, did assume this warranty obligation and further contend section 4.3 of the contract makes the respondent's financial ability a condition of the obligation of the petitioners to close:
The closing and the obligation of the Selling Shareholders to close the transaction are conditioned on the following: *1088 that representations and warranties of the Buyer shall be true as of the closing with the same force and effect as though made as of such date... .
The trial court's stated reason for denying the requested discovery was that the respondent was an assignee of a purchase agreement originally entered into between petitioners and a third party and as such did not assume the contractual warranty obligation of the respondent's assignor. Respondent's additional argument is that, due to the petitioners' failure to meet the requirements of section 1.4 of the contract as amended, concerning cure of undisclosed defects uncovered during the due diligence inspection, or other breaches of the contract and contract warranties by petitioners, the respondent's financial ability to close the sale and purchase became irrelevant.
Petitioners urge that the trial court's failure to allow this discovery constitutes a material departure from the essential requirements of the law which will be irremediable on appeal because they will be unable to show what the denied discovery would have yielded. We disagree and find that certiorari is not appropriate in this case. Certiorari is normally not available to review a denial of discovery by the trial court, and this case does not qualify as one of the extremely rare exceptions to this rule identified by this court in the past. Compare Industrial Tractor Co. v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984), with Travelers Indem. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980). As a practical matter, a trial court weighs a variety of factors in deciding whether to refuse discovery to a party. As in this case, the nature of the information sought, the expense and the probable relevancy are measured against the risk of a new trial if the case is tried without the items sought in discovery. If, on plenary appeal, the denied discovery is deemed to be within the scope of permissible discovery, the petitioners will have an adequate remedy. See Epstein v. Epstein, 519 So.2d 1042 (Fla. 3d DCA), review dismissed, 536 So.2d 244 (Fla. 1988); Saunders v. Florida Keys Electric Co-op Ass'n, Inc., 471 So.2d 88 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla. 1986).
WRIT DENIED.
GOSHORN, C.J., and COWART, J., concur.