852 So.2d 949 (2003)
The TOWN OF SEWALL'S POINT, a Florida municipal corporation, Joan Barrow and Donald Winer, Appellants,
v.
Blaine RHODES and Sally Rhodes, husband and wife, and Jann Levin, Appellees.
No. 4D02-2184.
District Court of Appeal of Florida, Fourth District.
August 27, 2003.
*950 Michael R. Piper and Christine M. Duignan of Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, for appellant.
Virginia P. Sherlock and Howard K. Heims of Littman, Sherlock & Heims, P.A., Stuart, for appellees.
TAYLOR, J.
Blaine and Sally Rhodes obtained a jury verdict of fifty thousand dollars ($50,000) against the Town of Sewall's Point ("Town") and the Town's clerk and mayor on their claims of defamation and invasion of privacy. Their suit arose from publication of a photograph of the Rhodes's property, which was taken by a neighbor and delivered to the town officials. We reverse the final judgment and remand for entry of judgment in favor of the Town and town officials.
Jann Levin, a resident of the Town, lived across the canal from the appellees. On or about December 13, 1998, Levin took a photograph of appellees' backyard. She placed the photograph in a frame decorated in a holiday motif and bearing the caption "Our View of the Hillbilly HellholeMerry ChristmasHappy HannakahHappy New YearWelcome 1999." Levin took the photograph to Town Hall and handed it to Joan Barrow, the town's clerk. Barrow, in turn, showed it to Donald Winer, the town's mayor. Levin requested that the photograph be displayed on the front counter, along with other holiday greetings, for the Christmas/Holiday open house.
Barrow placed the photograph on the counter, where it remained from December 17 until December 18, 1998. When the town's mayor found out that appellees were upset about the photograph, he had it removed.
Appellees sued the Town and town officials for defamation, invasion of privacy, civil conspiracy, governmental intrusion, and a civil rights violation. Ultimately, the case proceeded to trial against the Town for defamation and against the clerk and mayor for invasion of privacy. At trial, appellees admitted that the photograph was an accurate depiction of their backyard as it existed at the time it was taken. Levin testified that the caption honestly expressed her opinion of appellees' property.
At the close of all the evidence, the Town and town officials moved for directed verdict. The court denied their motion. The jury returned a verdict in favor of appellees and the court entered judgment on the $50,000 jury award.
Appellants raise several issues on appeal. However, we need only address their contention that the trial court erred in failing to enter a directed verdict in their favor because the photograph and caption constitute non-actionable pure opinion.
We agree with appellants that the photograph and caption constitute statements of pure opinion, which are protected by the First Amendment and, thus, not actionable as defamation. See Morse v. Ripken, 707 So.2d 921 (Fla. 4th DCA 1998)(holding that a statement by a baseball player's wife in a magazine that the plaintiff's failure to vacate her leased home indicated her intent to spend the night with her husband was pure opinion and not actionable under the First Amendment). Whether a statement is one of fact or opinion is a question of law, subject to de novo review. Id. at 922 (citing Zambrano v. Devanesan, 484 So.2d 603, 606 (Fla. 4th DCA 1986)).
*951 In Morse, we discussed the distinction between pure expressions of opinion, which are constitutionally protected, and mixed expressions of opinion, which are not:
Pure opinion is based upon facts that the communicator sets forth in a publication, or that are otherwise known or available to the reader or the listener as a member of the public. Mixed opinion is based upon facts regarding a person or his conduct that are neither stated in the publication nor assumed to exist by a party exposed to the communication. Rather the communicator implies that a concealed or undisclosed set of defamatory facts would confirm his opinion.
Id. (quoting Hay v. Indep. Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984)).
We further explained that in determining whether a statement is actionable, the court must examine the statement in the context in which it was published and consider all of the circumstances surrounding the statement. Id.
An important factor in the process of analyzing a comment is determining whether the speaker accurately presented the underlying facts of the situation before making the allegedly defamatory remarks ... [W]here the speaker or writer neglects to provide the audience with an adequate factual foundation prior to engaging in the offending discourse, liability may arise.
Zambrano, 484 So.2d at 606-07.
The framed photograph bearing the words "Our View of the Hillbilly Hellhole" amounts to a statement of pure opinion. Here, all of the facts upon which Levin based her opinion are contained in the photograph. The caption is nothing more than her commentary on the facts presented in the photograph. There is no implication that Levin's opinion is based on a concealed or undisclosed set of defamatory facts. Rather, anyone viewing the photograph can confirm the condition of appellees' property and draw his or her own conclusion concerning the "Hillbilly Hellhole" description. For these reasons, the defamation claim fails as a matter of law. Appellees' invasion of privacy claim is similarly barred. See Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp., 831 So.2d 204 (Fla. 4th DCA 2002)(citing Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607, 609 (Fla. 4th DCA 1975)).
Accordingly, we reverse the final judgment and remand for the court to enter judgment in favor of the appellants.
REVERSED and REMANDED.
KLEIN and GROSS, JJ., concur.