946 So.2d 567 (2006)
William RASMUSSEN, Appellant,
v.
COLLIER COUNTY PUBLISHING COMPANY d/b/a Naples Daily News; Gina Edwards; Denise Zoldan; and Jeffrey Lytle, Appellees.
No. 2D05-6144.
District Court of Appeal of Florida, Second District.
December 13, 2006.
*568 Joel S. Magolnick and Farah J. Martinez of De La O, Marko, Magolnick & Leyton, P.A., Miami, for Appellant.
Denis L. Durkin and Celina C. Candes of Baker & Hostetler LLP, Orlando; Bruce W. Sanford and Mark I. Bailen of Baker & Hostetler LLP, Admitted Pro Hac Vice, Washington, DC, for Appellees.
LaROSE, Judge.
William Rasmussen appeals the trial court's final summary judgment entered in favor of Collier County Publishing Co., d/b/a Naples Daily News, and three of its individual writers or editors (collectively, the Daily News). The trial court concluded *569 that no genuine issue of material fact remained for trial in Mr. Rasmussen's libel suit; the articles and editorials about which he complained were not false and were otherwise protected speech under the fair report privilege or as opinion. We affirm.

Background
Mr. Rasmussen, an entrepreneur who established ESPN, was the founder of Stadium Naples, a golf resort to be built in northeast Naples. The project needed investors and developers. Although our record reflects an extensive history of the Stadium Naples project, suffice it to say that various events between January 1, 1995, and December 12, 2000, ultimately raised suspicions of self-dealing and public corruption. As a result, the Governor appointed a special prosecutor to investigate Stadium Naples. In October 2001, the special prosecutor charged ten defendants, including Mr. Rasmussen, with racketeering, unlawful compensation, conspiracy to launder money, and conspiracy to commit money laundering. This case became known as the "public corruption" case.
Subsequently, the Governor expanded the special prosecutor's authority, allowing her to investigate all matters arising from and relating to the Stadium Naples project. On February 19, 2002, the special prosecutor charged Mr. Rasmussen with fraud relating to Stadium Naples. Private investors were the victims of this so-called "stock fraud" case.
In late August 2002, Mr. Rasmussen reached a plea agreement with the State. In exchange for his truthful testimony in the "public corruption" case, the State would dismiss the charges against him in that case. In the "stock fraud" case, Mr. Rasmussen would plead guilty to reduced misdemeanor charges on two counts; the State would dismiss the other counts. The State could void the plea agreement and reinstate charges against Mr. Rasmussen in the public corruption case if he lied. Under the agreement, Mr. Rasmussen could not revoke his plea in the stock fraud case. The trial court accepted the plea agreement and, on January 9, 2004, sentenced Mr. Rasmussen to probation.
Over a seven-year period, the Daily News published hundreds of articles about Stadium Naples and its eventual demise. These articles detailed the project's history, its participants, and the resulting criminal charges. Soon after he was sentenced to probation, Mr. Rasmussen sued the Daily News for libel. Allegedly, approximately three dozen articles or editorials published by the Daily News between July 16, 2002, and January 11, 2004, were false. The nub of Mr. Rasmussen's lawsuit was that these articles or editorials stated that he pleaded to "reduced or related charges," suggesting that he pleaded guilty to charges in the public corruption case when, according to Mr. Rasmussen, the State dropped those charges. In his lawsuit, Mr. Rasmussen also labeled as libelous various articles about his alleged misspending or mishandling of public funds and his alleged dishonest dealings with county commissioners, charities, and investors.[1]
The Daily News moved for and obtained summary judgment in its favor. The trial court found that: (1) the charges against Mr. Rasmussen in the public corruption and stock fraud cases were related; (2) the Daily News' use of the "reduced and related charges" terminology summarized the disposition of charges against numerous *570 defendants and did not constitute a false statement of fact about Mr. Rasmussen; (3) the Daily News' reporting, based on official public documents or information received from government officials, was subject to the fair report privilege; and (4) the complained-of editorials, read in context, were opinion and not libelous.

Analysis
Our review of a summary judgment is de novo. In re Githens, 928 So.2d 1272, 1274 (Fla. 2d DCA 2006). We view every possible inference in favor of Mr. Rasmussen. But, if there is no genuine issue of material fact remaining for trial, we must affirm the entry of the summary judgment. Id.
To prevail in a libel action, Mr. Rasmussen, who conceded that he was a public figure, had to prove that the Daily News published defamatory statements that were (1) statements of fact, (2) false, and (3) made with actual malice (knowledge of their falsity or with reckless disregard of their truth or falsity). See N.Y. Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Zorc v. Jordan, 765 So.2d 768, 771 (Fla. 4th DCA 2000). Because the parties did not argue the actual malice element in the trial court or before us, we limit our review to the first two elements.
The trial court rejected Mr. Rasmussen's claim that the public corruption case and the stock fraud cases were unrelated. We agree. The scope of the special prosecutor's authorization and Mr. Rasmussen's plea agreement amply support the trial court's conclusion that the cases, indeed, were related. Our record does not support Mr. Rasmussen's contrary view. The Daily News did publish a clarification on September 29, 2002:
The charge in the public corruption case against Stadium Naples founder Bill Rasmussen has been dropped. An article on Page 1D of the Sept. 21, 2002, edition of the Naples Daily News did not differentiate between two separate criminal cases involving Rasmussen and the failed Stadium Naples arena. Late last month, Rasmussen pleaded guilty to two misdemeanor counts of making false statements in connection with a separate stock fraud case involving Stadium Naples. In exchange for his plea in the stock fraud case and a promise to cooperate in the public corruption case, the racketeering conspiracy charge against Rasmussen in the public corruption case was dropped.
But, although the two cases were separate, they certainly were related. Both included criminal charges stemming from the Stadium Naples project. Mr. Rasmussen's plea to reduced charges in the stock fraud case was conditioned upon his truthful testimony in the public corruption case.
In conveying news and comment to its readers, the Daily News need not describe legal proceedings in technically precise language. See Clark v. Clark, No. 93-47-CA, 1993 WL 528464 (Fla. 4th Cir. Ct. June 22, 1993) (citing Rouch v. Enquirer & News, 440 Mich. 238, 487 N.W.2d 205, 218-19 (1992)), aff'd, 641 So.2d 866 (Fla. 1st DCA 1994) (stating that journalists should have certain leeway in their choice of language when covering the criminal justice system). The trial court concluded correctly that the publications were substantially truthful and, consequently, not libelous.
The trial court also found that the fair report privilege applied to the articles. The Daily News has a qualified privilege to report accurately on information received from government officials. See Stewart v. Sun Sentinel Co., 695 So.2d 360, 362 (Fla. 4th DCA 1997) (citing Woodard v. Sunbeam Television Corp., 616 *571 So.2d 501, 502 (Fla. 3d DCA 1993)). The privilege extends to the publication of the contents of official documents, as long as the account is reasonably accurate and fair. Id. The trial court concluded, and we agree, that the Daily News fairly and accurately described matters of public record, including the criminal informations, the Governor's executive orders appointing a special prosecutor, Mr. Rasmussen's plea agreement, and reports by government officials that Mr. Rasmussen pleaded to "related charges." Accordingly, the fair report privilege shielded the Daily News from libel. Id.
Finally, the trial court concluded that the challenged editorials were based on publicly disclosed facts and were expressions of opinion. Again, we agree with the trial court. In assessing whether an allegedly libelous statement is opinion, the court must construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in the publication. Hay v. Indep. Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984). The court must consider the context in which the statement was published and accord weight to cautionary terms used by the person publishing the statement. It must take into account all of the circumstances surrounding the publication, including the medium by which it was disseminated and the audience to which it was published. Id. Whether a statement is one of fact or one of opinion is a question of law. Id. Commentary or opinion based on facts that are set forth in the article or which are otherwise known or available to the reader or listener are not the stuff of libel. Id.
The Daily News' editorials were based on facts disclosed in the articles themselves or in the extensive coverage that the Daily News afforded to the Stadium Naples controversy. See id.; From v. Tallahassee Democrat, Inc., 400 So.2d 52, 56-57 (Fla. 1st DCA 1981). The trial court correctly concluded that the editorials were not actionable.

Conclusion
The trial court thoroughly addressed each article and editorial that Mr. Rasmussen challenged as libelous. Our de novo review leads us to the same conclusion that the trial court reached: no genuine issue of material fact remained for trial and the Daily News was entitled to judgment in its favor as a matter of law.
Affirmed.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] Four articles about which Mr. Rasmussen initially complained concerned a co-defendant in the public corruption case. In opposing summary judgment in the trial court, Mr. Rasmussen did not address those articles; he abandoned his claims based on those articles.