987 So.2d 678 (2007)
Kerry DREGGORS, et al., Appellants,
v.
EMPLOYERS INSURANCE OF WAUSAU, et al., Appellees.
Nos. 5D05-4047 to 5D05-4050, 5D06-620 to 5D06-623.
District Court of Appeal of Florida, Fifth District.
November 16, 2007.
Rehearing Denied August 14, 2008.
Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Appellants Kerry Dreggors and Donald Dreggors, Guardian.
Nina K. Brown and Antonio D. Morin of Akerman Senterfitt, Miami, for Appellee Employers Insurance of Wausau.
Robert E. Mansbach, Jr., and E. Ginnette Childs of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellee Mark S. Spangler, et al.
Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellee Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A.
SIMMONS, C., Associate Judge.
Kerry Dreggors and Barney Dreggors (collectively "the Dreggors") appeal the final summary judgment entered by the trial court in favor of Mark S. Spangler, Mark S. Spangler, P.A., Spangler, Mace & Zinaich, P.A. (collectively "Spangler"), Employers Insurance of Wausau ("Wausau"), and the law firm of Rissman, Weisberg, Barrett, Hurt, Donahue and McLain, P.A. ("Rissman").
This is a companion case to Horning-Keating v. Employers Insurance of Wausau, 969 So.2d 412 (Fla. 5th DCA 2007), *679 which addressed similar facts and identical legal issues. For the reasons expressed in Horning-Keating, we reverse final summary judgment in favor of Spangler because a factual dispute exists whether Spangler improperly disclosed or used the contents of the illegally seized tape recordings in violation of chapter 934, Florida Statutes (1995). Factual issues also preclude summary judgment as to the scope of Spangler's employment with Rissman and the scope of his authority with Wausau and require that we reverse the final summary judgment entered in favor of Wausau and Rissman regarding the chapter 934 claims. Further, Spangler is not entitled to immunity for reporting workers' compensation fraud, and, therefore, we reverse final summary judgment on this ground as well. We otherwise affirm.
Accordingly we affirm in part, reverse in part, and remand for proceedings consistent with this opinion. We also reverse the cost judgment entered below against the Dreggors in favor of the appellees.
AFFIRMED, REVERSED and REMANDED.
GRIFFIN and THOMPSON, JJ., concur.