995 So.2d 547 (2008)
Kerry DREGGORS and Donald Dreggors, as Guardian of Barney Dreggors, Appellants,
v.
WAUSAU INSURANCE COMPANY; Mark S. Spangler, P.A.; Spangler, Mace & Zinaich, P.A.; Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A.; Mark S. Spangler; and Louise Rothstein, Appellees.
Nos. 5D06-1792, 5D06-1793.
District Court of Appeal of Florida, Fifth District.
August 22, 2008.
Rehearing Denied November 13, 2008.
*548 Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Appellants.
Nina K. Brown of Akerman Senterfitt, Miami, for Appellee Wausau; Robert E. Mansbach, Jr. and E. Ginnette Childs of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellees Spangler; Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy, *549 Graham & Ford, P.A., Orlando for Appellee Rissman.
THOMPSON, E., Senior Judge.
Kerry Dreggors and Donald Dreggors, as guardians of Barney Dreggors, challenge the final summary judgment entered in favor of Wausau Insurance Company in this defamation lawsuit brought in connection with videotaped statements made by Mark Spangler, Wausau's then attorney, to Orlando's Channel 9 News. Wausau moved for final summary judgment on the ground that attorney Spangler's statements were not actionable because there was no evidence that Wausau directed or authorized his statements. The trial court granted summary judgment based on this argument. We reverse.
This is a companion case to Horning-Keating v. Employers Insurance of Wausau, 969 So.2d 412 (Fla. 5th DCA 2007), and Dreggors v. Employers Insurance of Wausau, 987 So.2d 678 (Fla. 5th DCA 2007).[1] In those cases, the lawsuits centered around the illegal, surreptitious recording of conversations in violation of chapter 934, Florida Statutes, the Security of Communications Act, relative to a workers' compensation fraud case. This case differs in that it is based upon attorney Spangler's videotaped comments to Channel 9 concerning the same workers' compensation fraud case.
Attorney Spangler told Channel 9 that the fraud was based on Barney Dreggors' claim for daily non-family attendant care when a surveillance film showed him walking and talking with his wife and driving a semi tractor-trailer. The caretaker also stated that she was never asked to provide care, nor did it appear that Barney Dreggors needed it. Attorney Spangler described this as the biggest workers' compensation fraud case in the history of Florida.
An order granting summary judgment is reviewed de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Summary judgment is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Krol v. City of Orlando, 778 So.2d 490 (Fla. 5th DCA 2001); Rosenfeld v. Walt Disney World Co., 651 So.2d 811 (Fla. 5th DCA 1995). The party moving for summary judgment has the burden to conclusively establish the non-existence of any genuine issue of material fact. City of Cocoa v. Leffler, 762 So.2d 1052, 1055 (Fla. 5th DCA 2000). Issues of fact are "genuine" only if a reasonable jury, considering the evidence presented, could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence in the record, including any supporting affidavits, must be construed in the light most favorable to the non-moving party. If the slightest doubt exists, summary judgment must be reversed. Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000).
In granting summary judgment, the trial court relied on Lipsig v. Ramlawi, 760 So.2d 170 (Fla. 3d DCA 2000), ruling that attorney Spangler's allegedly defamatory statements were not necessary or incidental to his representation of Wausau in the workers' compensation litigation. The trial court stated:
The statements were not made in court, in a pleading or in an official court proceeding. Instead, the statements were *550 made to a television station and were thus irrelevant to Spangler's defense of Wausau in the workers' compensation litigation. Moreover, there is simply no record evidence before this court suggesting that Wausau directed or authorized Spangler to make the allegedly defamatory statements. Accordingly, this Court holds that Spangler's statements were outside of his actual and apparent authority to act on Wausau's behalf and, therefore, Wausau cannot be held vicariously liable for Spangler's statements. See Lipsig, 760 So.2d at 186.
In Lipsig, the court held that it was error to deny a directed verdict for the Dahlawis on a vicarious liability claim regarding their counsel's statement to a former officer and director of one of the related companies concerning Ramlawi's administration of the companies. Id. at 186. It so reasoned because there was no record evidence that the attorney's responsibilities in any way included discussions with the former officer/director concerning Ramlawi's administration of the partnership's companies. Id.
The Dreggors cite Kobel v. Schlosser, 614 So.2d 6, 6 (Fla. 4th DCA 1993), which reversed summary judgment because the determination of an agency relationship can be resolved by summary judgment only when the evidence is capable of just one interpretation. Further, while it was the plaintiffs' burden to prove the agency relationship as the party alleging that relationship, it remained the defendant's burden to prove the absence of material fact issues as the summary judgment movant. Id
In this case, the trial court erred in concluding, based upon Lipsig, that the allegedly defamatory statements were not necessary or incidental to attorney Spangler's representation of Wausau in the workers' compensation litigation. Despite Wausau's urging to the contrary, the procedural posture of Lipsig is significant. There, a full jury trial had been conducted, and the trial court had denied a directed verdict at the close of the plaintiffs case. The Third District held that the trial court erred in denying the motion for directed verdict. There, all of the evidence of Lipsig's relationship and responsibilities was in the record.
Generally, there is a presumption that an attorney is an agent of a client whom he professes to represent. Mendelsund v. Southern-Aire Coats of Fla., Inc., 210 So.2d 229, 231 (Fla. 3d DCA 1968). Wausau's burden is to prove the absence of material fact issues as the summary judgment movant. Kobel, 614 So.2d at 7. In other words, Wausau had to demonstrate that there is no factual dispute that attorney Spangler was not acting as Wausau's agent when he made statements to Channel 9 News. There are no supporting affidavits for the motion for summary judgment. On the basis of this record, Wausau has not satisfied its burden of proof to conclusively establish the nonexistence of any genuine issue of material fact that attorney Spangler was not acting as its agent. See City of Cocoa, 762 So.2d at 1055. On a motion for summary judgment, unless and until material facts at issue presented to the trial court are so crystallized, conclusive, and compelling as to leave nothing for the court's determination but questions of law, those facts, as well as any defenses, must be submitted to the jury for its resolution. Hastings v. Demming, 682 So.2d 1107 (Fla. 2d DCA 1996). The trial court declared that there was no record evidence suggesting that Wausau directed or authorized attorney Spangler to make the statements; what is critical, however, is that Wausau did not show that the evidence disproved that attorney Spangler in this instance was acting *551 as its agent. The issue of agency is generally a question of fact that can be resolved by summary judgment only in those cases where the evidence is capable of one determination. Robbins v. Hess, 659 So.2d 424, 427 (Fla. 1st DCA 1995).
Wausau argues alternatively that the statements are pure opinion and not actionable as a matter of law. The trial court did not address this separate ground Wausau raised in its motion for summary judgment. "The law draws a distinction between pure expressions of opinion, which are constitutionally protected, and mixed expressions of opinion, which are not." Morse v. Ripken, 707 So.2d 921, 922 (Fla. 4th DCA 1998). To determine whether a statement is actionable or whether it is a pure expression of opinion, the court must "construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in a publication." Id. Whether a statement is one of fact or of opinion is a question of law. Hay v. Indep. Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984). The court in Hay stated:
There is a distinction between pure expression of opinion and mixed expression of opinion. Pure opinion is based upon facts that the communicator sets forth in a publication, or that are otherwise known or available to the reader or the listener as a member of the public. Mixed opinion is based upon facts regarding a person or his conduct that are neither stated in the publication nor assumed to exist by a party exposed to the communication. Rather, the communicator implies that a concealed or undisclosed set of defamatory facts would confirm his opinion. Pure opinion is protected under the First Amendment, but mixed opinion is not.
In determining whether an alleged libelous statement is pure opinion, the court must construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in the publication. The court must consider the context in which the statement was published and accord weight to cautionary terms used by the person publishing the statement. All of the circumstances surrounding the publication must be considered, including the medium by which it was disseminated and the audience to which it was published. Id. (Citations omitted.)
Accord Johnson v. Clark, 484 F.Supp.2d 1242, 1253 (M.D.Fla.2007).
After reviewing attorney Spangler's statements made to Channel 9, we are unable to conclude, based on the limited record before us, that they were based upon information otherwise known or available to the public. Accordingly, we are unable to affirm based on this alternative ground.
We therefore REVERSE final summary judgment in Wausau's favor and REMAND this cause for further proceedings.
TORPY and LAWSON, JJ., concur.
NOTES
[1] A total of six lawsuits were filed arising out of Barney Dreggors' workers' compensation claim; four filed in Seminole County and two filed in Orange County. The Seminole County cases were transferred and consolidated with the Orange County cases.