16 So.3d 309 (2009)
Kerry DREGGORS and Donald Dreggors, etc., Petitioners,
v.
EMPLOYERS INSURANCE OF WAUSAU d/b/a etc., et al., Respondents.
No. 5D09-196.
District Court of Appeal of Florida, Fifth District.
August 28, 2009.
Thomas F. Egan and Charissa McIntosh, of Thomas F. Egan, P.A., Orlando, for Petitioners.
Mark S. Shapiro and Antonio D. Morin, Nina K. Brown, of Akerman Senterfitt, Miami, for Respondent, Employers Insurance of Wausau d/b/a Wausau Insurance Company.
Robert E. Mansbach, Jr., of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Respondents, Mark S. Spangler, Spangler, Mace & Zinaich, P.A., and Mark S. Spangler, P.A.
Michael R. D'Lugo, of Wiker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for Respondents, Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A.
PER CURIAM.
WRIT DENIED.
LAWSON and EVANDER, JJ., concur.
GRIFFIN, J., concurs and concurs specially, with opinion.
GRIFFIN, J., concurring.
In this proceeding, the Petitioners, Kerry Dreggors and Donald Dreggors, as guardian of Barney Dreggors ["the Dreggors"], seek certiorari review of an order of the trial court denying their motion to compel discovery of attorney/client billing records which they seek to use as evidence to prove that attorney Mark Spangler was acting as agent of Wausau at the time he engaged in certain allegedly tortious activities in a prior worker's compensation case. This case has been before this court on multiple prior occasions, including Horning-Keating v. Employers Ins. of Wausau, 969 So.2d 412 (Fla. 5th DCA 2007); Dreggors v. Employers Ins. of Wausau, 987 So.2d 678 (Fla. 5th DCA 2007); Dreggors v. Wausau Ins. Co., 995 So.2d 547 (Fla. 5th DCA 2008). In the most recent appeal, we reversed the trial court's ruling that Wausau could not be liable for Spangler's conduct because of a lack of evidence that Wausau directed or authorized his conduct. See Dreggors, 995 So.2d at 547. Both Wausau and Rissman contend that they were not aware of, did not direct, had not approved and were not liable for the actions of Spangler. Apparently, during the oral argument of that appeal, it came up that the trial court had not allowed discovery of the billing records. Judge Lawson, one of the judges on the panel, expressed the view that the billing records of the Rissman firm to Wausau concerning Spangler's activities were discoverable.
*310 On remand, the Dreggors served supplemental requests for discovery of billing records, time sheets and payment records for 1997 and 2000 from Wausau, Rissman and Spangler relating to Spangler's (or any other legal professionals') representation of Wausau concerning the Dreggors' workers' compensation claim. The Dreggors seek this discovery to help establish their claim that Spangler was acting on behalf of Wausau and Rissman. Rissman and Wausau objected, and the Dreggors moved to compel. The trial court entered an order denying the Dreggors' motion.
In seeking certiorari review, the Dreggors argue that the requested billing records are discoverable, that they are relevant to establishing whether or not Rissman and Wausau are liable for the actions of Spangler and that, without this discovery, they cannot prove their case. As a basis for certiorari relief, the Dreggors allege that the denial of discovery has harmed them and this harm cannot be remedied on plenary appeal.
We have denied certiorari because certiorari is not available to review orders denying discovery such as the order at issue here. Any error can be remedied on plenary appeal following entry of a final judgment. See Palmer v. WDI Systems, Inc., 588 So.2d 1087 (Fla. 5th DCA 1991); Industrial Tractor Co. v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984). Even when an order departs from the essential requirements of the law, strong reasons exist for denying certiorari review because the issue may be mooted prior to the conclusion of the lawsuit. The Dreggors have failed to demonstrate irreparable harm beyond mere delay and have failed to demonstrate why this discovery issue cannot be raised on direct appeal. The fact that the issues surrounding this case had their genesis in 1991 and the current cases have been extensively litigated for many years cannot justify the extraordinary remedy of certiorari of what is, in the final analysis, an interlocutory order denying discovery which can be remedied on direct appeal at the end of this litigation.
Like Judge Lawson, these records appear to me to be discoverable in this lawsuit. There is a very good chance that if this discovery is not allowed, it will be a winning issue if there is an appeal by the Dreggors from the ultimate final judgment. It is important to point out, however, that this is not a decision that fairly can be blamed on the current trial judge. The denial of discovery based on privilege and work product was first made by a predecessor judge in 2005. It is unclear whether this privilege issue also had previously been ruled on by the current judge. When the objections and motion to compel directed to the most recent requests for discovery came on for hearing, counsel for the Dreggors did not ask the current trial judge to look with fresh eyes at the issue, but simply informed the court that the defendants continue to refuse on the basis of the prior judge's ruling so, "I'm basically looking for an order denying the motion, and I'll appeal it." The problem, however, is that he cannot appeal it. If this denial of discovery is erroneous, only the trial court can correct the error prior to the plenary appeal. I would hope, therefore, that the trial judge will take any opportunity to fully examine this point of law for himself. Also, if the disputed documents are made a part of the record through an in camera inspection, or otherwise, even if sealed, our ability to examine the documents would facilitate review of this issue on appeal.