PER CURIAM.
The circuit judge herein previously granted a petition for writ of habeas corpus by respondent, Anthony W. Broom. The state appealed that decision and also appealed an order of the same judge releasing Broom pending the state’s appeal. This court reversed the granting of the habeas corpus petition holding that the judge, who is a circuit judge in Pinellas County, had no jurisdiction to review the legality of a Polk County conviction. It was also held that, in any event, habeas corpus could not be used to collaterally attack a conviction after unsuccessful Florida Rule of Criminal Procedure 3.850 motions to vacate. State v. Broom, 523 So.2d 639 (Fla.1988). This court also subsequently set aside the order granting bond pending appeal. Rehearings were denied in both appeals. Also denied by this court were motions for stay of mandate pending review in the Florida Supreme Court.
Broom also moved in the circuit court for release pending review in the Florida Supreme Court. The circuit judge *159 granted the motion continuing Broom on $10,000 bond previously granted “pursuant to Florida Rule of Criminal Procedure 3.820.” That rule provides that “[p]ending a review of a decision discharging a prisoner on habeas corpus he shall be discharged upon bail....” However, we find the rule inapplicable for several reasons. First, the bond was granted after there had already been a review of the order granting habeas corpus and this court’s decision had been issued. Second, this court had already specifically set aside the order granting bond pending appeal in our court when the circuit judge “continued” bond on further review. Finally, to grant bond pending review in the supreme court of this court’s decision would be, in effect, to stay this court’s mandate in the substantive appeal. A district court of appeal has the sole authority to stay its mandate pending a further proceeding in the Florida Supreme Court. See Fla.R.App.P. 9.340(a). Only the supreme court may review an order granting or denying such a stay of mandate.
For all the above reasons, we grant the petition for writ of certiorari and quash the order granting bond. The circuit judge heretofore assigned to this case shall immediately issue an order requiring the sheriff of Pinellas County to take appellee, Anthony Broom, into custody forthwith and to transfer him to the appropriate authority for the completion of his sentence. Other than this order, the circuit judge herein shall enter no further orders regarding the Polk County conviction of this respondent, appellate review thereof, or custody pursuant to such conviction. The provision of this opinion dealing with the immediate issuance of a custody order shall be effective immediately and not be delayed because of the pendency of any motions for rehearing directed to this opinion.
Certiorari granted.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.