745 So.2d 418 (1999)
DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, et al., Appellants,
v.
TAMPA CROWN DISTRIBUTORS, INCORPORATED, McKesson Corporation, et al., Florida West Coast Beverage Distributors, Inc., Office of the Comptroller, State of Florida, Gerald Lewis, In His Capacity as Comptroller, Harry Hooper, Individually and In His Capacity as the Former Director of the Division of Alcoholic Beverages and Tobacco, and Richard Scully, Individually and In His Capacity as the Director of the Division of Alcoholic Beverages and Tobacco, Appellees.
Nos. 98-3708, 98-3750 and 98-4088.
District Court of Appeal of Florida, First District.
November 1, 1999.
Rehearing Denied December 2, 1999.
*419 Robert A. Butterworth, Attorney General; Joseph C. Mellichamp, III, Senior Assistant Attorney General, Eric J. Taylor, Assistant Attorney General, Tallahassee, for Appellants.
Harold F.X. Purnell of Rutledge, Ecenia, Purnell & Hoffman, P.A., Tallahassee, for Appellees.
LAWRENCE, J.
The Division of Alcoholic Beverages & Tobacco, Department of Business And Professional Regulation (agency) appeals an order granting Tampa Crown Distributors, Incorporated (Tampa Crown) a tax refund, and an order denying a motion to enforce an earlier mandate of this court. We reverse.
The agency formerly administered a tax program that favored Florida-grown agricultural products used to produce alcoholic beverages over non-Florida-grown products. The Florida Supreme Court, in May 1988, held that the taxing program was unconstitutional and granted prospective relief only. Division of Alcoholic Beverages & Tobacco v. McKesson Corp., 524 So.2d 1000 (Fla.1988) (McKesson I). McKesson Corporation (McKesson) alone appealed the 1988 decision to the United States Supreme Court; the high court found the "prospective only" remedy problematic and remanded. McKesson Corp. v. Division of Alcoholic Beverages & Tobacco, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990) (McKesson II). The Florida Supreme Court, on remand, delimited ways for the agency to comply with the high court's decision. Division of Alcoholic Beverages & Tobacco v. McKesson Corp., 574 So.2d 114 (Fla.1991) (McKesson III). Tampa Crown filed for a tax refund for the period from December 1985 through May 1988. This court held that Tampa Crown is barred from a refund by failing to join in McKesson's appeal to the United States Supreme Court; this court remanded for entry of judgment for the agency. Division of Alcoholic Beverages & Tobacco v. McKesson Corp., 643 So.2d 16 (Fla. 1st DCA 1994), cert. denied sub nom. Tampa Crown Distributors, Inc. v. Division of Alcoholic Beverages & Tobacco, 514 U.S. 1083, 115 S.Ct. 1795, 131 L.Ed.2d 723 (1995) (McKesson IV). The agency moved below for enforcement of the mandate; the trial court, reasoning that the passage of time barred its jurisdiction, denied the agency's motion to enforce the mandate of McKesson IV. Tampa Crown meanwhile again filed for a tax refund, this time for the period from March 1987 to May 1988; the trial court granted summary judgment for Tampa Crown and awarded a tax refund of $2,337,372.09.
The agency, in case 98-3708, appeals the September 8, 1998 order denying the agency's motion to enforce the mandate of McKesson IV. The agency, in case 98-4088, directly petitions this court to "enter judgment on the mandate." The agency, in case 98-3750, appeals the September 22, 1998 order granting Tampa Crown a final summary judgment in its action for declaratory judgment, and a tax refund.[1] We consolidated the three cases.
*420 The order under review in case 98-3708 denies the agency's motion to enforce the mandate of McKesson IV based on the trial court's reasoning that the passage of time prevents such enforcement. The Florida Supreme Court however tells us that: "A trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so." Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 328 So.2d 825, 827 (Fla.1975) (quashing a trial court's order that failed to comply with the appellate court's earlier mandate). The trial court's refusal to enforce this court's mandate thus is error and we vacate the order in case 98-3708.
We deny the agency's petition in case 98-4088, asking us to enter final judgment, although we have the authority to do so. See Wright v. Board of Pub. Instruction, 100 So.2d 403, 406-07 (Fla.1957) (vacating judgment appealed from and entering judgment for appellant where the trial court was reluctant to do so); see also § 35.08, Fla. Stat. (1999) ("Each district court of appeal is vested with all the power and authority necessary for carrying into complete execution all of its judgments, decrees, orders, and determinations in the matters before it agreeable to the usage and principles of law."). We instead remand for entry of final judgment, confident that the trial judge will comply with this opinion.
Tampa Crown argues that McKesson IV does not have a res judicata effect on its refund request for the time between the trial court decision and the Florida Supreme Court decision of unconstitutionality[2] because the McKesson IV opinion treated something different from the refund issue. The express language of McKesson IV belies Tampa Crown's assertion, for this court held:
Thus, the resolution to the issue of Tampa Crown's standing to seek a refund turns on the applicability of rule 12.4.
Although rule 12.4 offers superficial support to Tampa Crown's position, we nevertheless conclude that Tampa Crown was required to take some affirmative act before the United States Supreme Court in order for its refund request to survive.
. . . .
.... As a consequence, the decision in McKesson I, which denied the distributors' refund requests by virtue of the prospective nature of its ruling, is res judicata as to Tampa Crown.

Division of Alcoholic Beverages & Tobacco v. McKesson Corp., 643 So.2d 16, 19, 20 (Fla. 1st DCA 1994), cert. denied sub nom. Tampa Crown Distributors, Inc. v. Division of Alcoholic Beverages & Tobacco, 514 U.S. 1083, 115 S.Ct. 1795, 131 L.Ed.2d 723 (1995). Tampa Crown's refund request in case 98-3750 thus is barred by the res judicata effect of McKesson IV. The trial court therefore erred in refusing to enforce this court's mandate in McKesson IV, and in granting summary judgment and a tax refund to Tampa Crown.
We accordingly vacate the order below in 98-3708 and direct that final judgment be entered for the agency in that case. We reverse the tax refund order in 98-3750. We deny the agency's original petition in 98-4088, as unnecessary. It is so ordered.
ERVIN and PADOVANO, JJ., CONCUR.
NOTES
[1] The agency settled with all distributors but Tampa Crown prior to the orders under review.
[2] The Florida Supreme Court tells us that "an act of the Legislature is presumed constitutional until invalidated by a final appellate decision." Deltona Corp. v. Bailey, 336 So.2d 1163 (Fla.1976) (emphasis added) (holding same). We note that the tax preference at issue in this decades-long litigation originated outside the agency. The agency, until the Florida Supreme Court spoke in McKesson I, was required to administer the tax preference.