On Motion to Enforce Mandate and/or Petition for Writ of Certiorari
PER CURIAM.
In Dusseau v. Metropolitan Dade County Bd. of County Comm’rs, 794 So.2d 1270, 1275 (Fla.2001), the Florida Supreme Court remanded the instant case to the circuit court and directed the circuit court “to apply the three-pronged standard of review set forth in Vaillant.[1] Notably, when applying the third prong, the court should review the record to determine simply whether the Commission’s decision is supported by competent substantial evidence.” (emphasis in original). Thereafter, the Florida Supreme Court issued its mandate to this Court directing that “further proceedings be had in accordance” with its opinion. This Court then issued an order vacating its prior opinion “except as is approved by the Supreme Court” and “adopting], as its own, the opinion of the Supreme Court of Florida.” This Court’s order also remanded to the circuit court “for further proceedings in accordance with the opinion of the Supreme Court.”
Following this Court’s mandate, the Circuit Court, Appellate Division, issued its opinion. The petitioners, Metropolitan Dade County and University Baptist Church, petition this Court for a Writ of Mandamus or, in the alternative, for a Writ of Certiorari, contending that the Circuit Court, Appellate Division, exceeded this Court’s mandate. We agree.
*444 Upon the issuance of a mandate from an appellate court, the lower court’s role “becomes purely ministerial, and its function is limited to obeying the appellate court’s order or decree. A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape, or form.” Wilcox v. Hotelerama Assoc., Ltd., 619 So.2d 444, 445-46 (Fla. 3d DCA 1993) (citations omitted); see Savage v. Macy’s East, Inc., 719 So.2d 1208 (Fla. 3d DCA 1998), review denied, 729 So.2d 391 (Fla.1999); Milton v. Keith, 503 So.2d 1312, 1314 (Fla. 3d DCA 1987). On remand, the Circuit Court, Appellate Division, was instructed to address “whether the Commission’s decision is supported by competent substantial evidence.” Dusseau, 794 So.2d at 1275. A review of the opinion issued by the Circuit Court, Appellate Division, clearly indicates that this Court’s mandate was not followed. The Circuit Court, Appellate Division, deviated from this Court’s mandate by not addressing whether the Commission’s decision was supported by competent substantial evidence, and also by addressing matters that were not within the mandate. See Jones v. Knuck, 388 So.2d 328, 329 (Fla. 3d DCA 1980).
Accordingly, we grant the petition for writ of certiorari, quash the order of the Circuit Court, Appellate Division, and remand for further proceedings in accordance with this Court’s mandate. See Zel-man v. Metropolitan Dade County, 622 So.2d 6 (Fla. 3d DCA 1993).

. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).