PER CURIAM.
This case is on appeal following the remand to the trial court in Huffman v. Moore, 778 So.2d 411 (Fla. 1st DCA 2001). Because the trial court failed to follow this Court’s instructions, on remand, we reverse in part.
Originally, the appellant had appealed the circuit court’s order dismissing his petition for writ of mandamus for failure to make a timely partial payment of court costs and fees as ordered. This Court issued an opinion in Huffman, in which it ordered the trial court to (1) make a determination as to whether the Department of *301 Corrections placed a hold on his account precluding the appellant from making the initial payment in a timely manner, thereby making dismissal for failure to make the initial payment in error, and (2) determine whether the appellant remained indigent, thereby requiring that the appellant be reimbursed for all of the court costs paid voluntarily by the appellant to the clerk. Id. On remand, the circuit court reinstated the appellant’s petition, thus satisfying the first instruction in our previous opinion.
Subsequently, the appellant brought a motion to enforce the mandate, asserting that the circuit court had failed to comply with the second instruction in our previous opinion. On July 16, 2001, by order, we stated
Appellant’s Second Motion for Enforcement of Mandate is granted. Pursuant to the terms of this court’s mandate issued February 27, 2001, the trial court is directed to immediately ascertain whether Appellant was indigent at the time his petition for writ of mandamus was initially dismissed and, if so, to issue an order reimbursing Appellant for all court costs paid by Appellant.
It does not appear that the circuit court ever acted on this order. After the appellant’s petition was disposed of on the merits, the appellant brought the instant appeal.
The appellant does not challenge the denial of his petition on the merits and therefore we deem any challenges to this denial waived. See e.g. State v. Town of Sweetwater, 112 So.2d 852, 854 (Fla.1959); State v. Mitchell, 719 So.2d 1245, 1247 (Fla. 1st DCA 1998); Patterson v. State, 342 So.2d 515, 515 (Fla. 1st DCA 1976); J.A.B. Enterprises v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992).
The appellant does, however, challenge the fact that our previous order enforcing the mandate was not fully complied with by the circuit court. When an appellate court issues a mandate, compliance with the mandate by the circuit court is purely a ministerial act. The circuit court does not have the authority to modify, nullify or evade that mandate. See Brunner Enterprises Inc. v. Department of Revenue, 452 So.2d 550, 552 (Fla.1984); Division of Alcoholic Beverages & Tobacco, Dept. of Business & Professional Regulation v. Tampa Crown Distributors, Inc., 745 So.2d 418, 420 (Fla. 1st DCA 1999); Metropolitan Dade County v. Dusseau, 826 So.2d 442, 444 (Fla. 3d DCA 2002); Hill v. Palm Beach Polo, Inc., 805 So.2d 1014, 1016 (Fla. 4th DCA 2001); Toledo v. Hillsborough County Hospital, 747 So.2d 958, 960 (Fla. 2d DCA 1999). For this reason, the circuit court should have acted upon our previous order to enforce the mandate. Having brought this matter to the circuit court’s attention, we are confident that the circuit court will expeditiously comply with our previous order. We therefore affirm the denial of the appellant’s petition for writ of mandamus, but reverse and remand for the circuit court to comply with the previous order.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
BARFIELD, MINER and POLSTON, JJ., concur.