THOMPSON, J.

ON MOTION TO ENFORCE MANDATE

Curtis Formor filed a motion to enforce mandate to seek the trial court’s compliance with our opinion in Formor v. State, 676 So.2d 1013 (Fla. 5th DCA 1996). In Formor, we affirmed Formor’s six convictions for home invasion robbery, but reversed his convictions for six counts of kidnapping, and directed the trial court to resentence him accordingly. Id. at 1015. The mandate issued 10 July 1996. Formor asserts that no resentencing has occurred. In its response, the State posits two arguments. The State first contends that because Formor was sentenced to life in prison, his guideline sentence upon resen-tencing would be the same. Second, it argues that the doctrine of laches should apply because Formor waited over eight years to complain about the trial court’s alleged failure to comply with this court’s mandate.
When an appellate court issues a mandate, compliance with the mandate is purely a ministerial act. Huffman v. Moore, 834 So.2d 300, 301 (Fla. 1st DCA 2002). The circuit court does not have the authority to modify, nullify, or evade that mandate. Id. An appellate court has inherent authority to enforce its own mandate. Brunner Enter., Inc. v. Dep’t of Revenue, 452 So.2d 550, 552 (Fla.1984). “Each district court is vested with all the power and authority necessary for carrying into complete execution all of its judgments, decrees, orders, and determinations in the matters before it agreeable to the usage and principles of law.” § 35.08, Fla. Stat. (2004).
We grant the motion to enforce our mandate and remand this cause to the Chief Judge of the Circuit Court for the Ninth Judicial Circuit or, in his stead, and upon his assignment, an administrative judge, for Formor’s resentencing in compliance with this court’s mandate.
IT IS SO ORDERED.
GRIFFIN and MONACO, JJ„ concur.