[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14127

_____

D. C. Docket No. 05-00671-CV-ORL-19-KRS

ROLLINS, INC.,
ORKIN, INC.,
f.k.a. Orkin Exterminating Company, Inc.,

Plaintiffs-Appellants,

versus

CYNTHIA GARRETT,
on behalf of herself and all those similarly
situated,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 19, 2006)**

Before WILSON, KRAVITCH and REAVLEY*, Circuit Judges.

_____

*Honorable Thomas Reavley, United States Circuit Judge for the Fifth Circuit, sitting by
designation.

PER CURIAM:

Rollins, Inc. and Orkin, Inc. (collectively, "Orkin") appeal from the district court's order denying their motion to vacate an arbitration award. The arbitration award permits class arbitration of disputes arising out of the contract for termite services that Cynthia Garrett entered into with Orkin. We have jurisdiction pursuant to 28 U.S.C. § 1291 to review the district court's final order refusing to vacate the award. *See Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775 (11th Cir. 1993) (reviewing an order denying a motion to vacate an arbitration award).

For the reasons set forth in the district court's order, we affirm. When a contract is silent as to whether it prohibits class arbitration, the arbitrator, rather than the court, must resolve the issue as a matter of state law. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 447, 455 (2003). Under Florida law, a consumer contract that prohibits class arbitration is unconscionable because it "preclude[s] the possibility that a group of its customers might join together to seek relief that would be impractical for any of them to obtain alone." *Powertel, Inc. v. Bexley*, 743 So. 2d 570, 576 (Fla. 1st DCA 1999). Accordingly, the arbitrators did not exceed their power by interpreting the contract to allow class arbitration, *see* 9 U.S.C. § 10(a)(4), nor did the arbitration award violate public policy.

**AFFIRMED.**