ORDER ON PETITION FOR WRIT OF MANDAMUS AND/OR MOTION FOR ENFORCEMENT OF MANDATE
PER CURIAM.
This court issued mandate in this case affirming Erik Forrest Hall’s manslaughter conviction and 9.25-year prison sentence on March 30, 2007. The State of Florida has filed a petition for writ of mandamus and/or motion for enforcement of mandate. The State asserts that the circuit court has declined to enforce our mandate by continuing Hall’s release on bond apparently pending the possible acceptance of discretionary review of his case in the supreme court. The circuit court held a hearing in April at which it set a future date for a hearing on “execution of sentence.”
The circuit court is without the authority to continue bond after mandate has issued because such an act has the effect of staying mandate, which the circuit court is not authorized to do. State v. Broom, 526 So.2d 158, 159 (Fla. 2d DCA 1988). Only the district court and Florida Supreme Court have the authority to stay the district court’s mandate pending review in the supreme court. See State v. Roberts, 661 So.2d 821, 822 (Fla.1995). This court denied Hall’s motion to stay mandate on March 29, 2007. The supreme court has not issued any stay.
The trial court had no statutory or procedural authority to continue its stay of sentence after we denied the motion to stay mandate. Under Florida Rule of Criminal Procedure 3.810, the trial court was obligated to “forthwith commit” the defendant after the stay of sentence terminated. Although a trial court may have some discretion to establish an orderly process by which a defendant is committed following an unsuccessful appeal, the delay in this case is not for that purpose. Indeed, it appears that Hall could have been committed in April at the earlier hearing.
Accordingly, the State’s petition for writ of mandamus and/or motion to enforce mandate is granted. The circuit court judge assigned to this case shall immediately issue an order requiring the sheriff of Lee County to take Hall into custody and to transfer him to the appropriate authority for the service of his sentence. This order shall be effective immediately and shall not be delayed due to any pending motions for rehearing directed to this order.
ALTENBERND, SALCINES, and STRINGER, JJ., concur.