CORRECTED OPINION
 

 PER CURIAM.
 

 In this workers’ compensation matter, an order was entered on March 30, 2010, directing Appellant to show cause why sanctions pursuant to Florida Rule of Appellate Procedure 9.410 should not be imposed for filing a response to Appellee’s motion to enforce this court’s order of May 13, 2009, which awarded an appellate fee to Appellee, that appeared to be frivolous or in bad faith. The May 13 order was entered following this court’s per curiam af-firmance, without written opinion, of the order of the Judge of Compensation Claims (JCC) finding the JCC had jurisdiction to address the attorney’s fee lien filed by Appellee’s prior attorney.
 
 See S. Fla. Express Bankserv v. Aponte,
 
 11 So.3d 360 (Fla. 1st DCA 2009). Appellee filed his motion to enforce when Appellant declined to pay the appellate attorney’s fee after the amount of the fee was determined by the JCC. Appellant responded that the May 13 “[ojrder only mandated that the Worker’s Compensation Court determine the amount of fees which it did, but did not require that the Court nor Circuit Court for the 11th Circuit to enforce the award, which it ultimately chose not to based upon its subsequent Order that Chapter 440 did not apply to the case at bar.”
 

 Section 35.08, Florida Statutes, gives district courts of appeal the power to execute their judgments.
 
 See also Div. of Alcoholic Beverages & Tobacco v. Tampa Crown Distribs., Inc.,
 
 745 So.2d 418, 419 (Fla. 1st DCA 1999) (holding court had authority to enter final judgment, although it declined to do so). This court’s order of May 13 granted “Claimant’s motion for appellate attorney’s fees.” No objection to that motion was filed by Appellant. Jurisdiction was relinquished to the JCC to determine the amount of the fee and the JCC complied with the court’s instruction.
 

 This court clearly has discretionary jurisdiction to award appellate attorney’s fees to claimants.
 
 See
 
 § 440.34(5), Fla. Stat. (2002).
 
 See also City of Miami v. Burnett,
 
 596 So.2d 478, 479 (Fla. 1st DCA 1992) (holding statute does not limit court’s ability to award fees to non-prevailing claimants, as the “judicial imprimatur on the discretionary allowance of attorney fees is enveloped in an aura of age”). Here Claimant prevailed on appeal, eliminating the non-prevailing party argument. Appellant’s argument, that the JCC ultimately found in its favor that chapter 440 did not apply to it, does not affect this court’s decision to award a fee for Appel-lee’s attorney’s efforts in the earlier appeal. Appellant chose to appeal the JCC’s
 
 *653
 
 non-final, appealable order, requiring Ap-pellee to defend the same. Based on section 440.34(5), this court chose to reward Appellee’s attorney for successfully defending the JCC’s order.
 

 Appellant’s response to this court’s show cause order evinces ignorance of the jurisdiction of this court. It was necessary for Appellee to file a motion to enforce this court’s order, and for this court to address the same. Appellant has still not seen fit to comply with the order and pay the appellate fee. Appellant’s complete and continuing disregard of established statutes and case law resulted in Appellant filing a frivolous response to Appellee’s motion, as well as other pleadings, and, pursuant to Florida Rule of Appellate Procedure 9.410, attorney’s fees are awarded to Appellee as a sanction for requiring Appellee to file the motion to enforce and then respond to Appellant’s frivolous response.
 

 Attorney’s fees pursuant to Florida Rule of Appellate Procedure 9.410 are AWARDED, and the matter is REMANDED to the JCC for proceedings consistent with this opinion.
 

 WOLF, KAHN, and VAN NORTWICK, JJ., concur.