IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

STATE OF FLORIDA,

      Appellant,

v.                                    Case No.  5D16-429

ROBERT FRED WOODALL, III,

      Appellee.

_____/

Opinion filed August 4, 2017

Appeal from the Circuit Court
for Orange County,
Alan S. Apte, Judge.

Pamela Jo Bondi, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellant.

William R. Ponall, of Ponall Law, Maitland, and Thomas Sommerville, of Law Offices of Thomas Sommerville, Orlando, for Appellee.

ON MOTION TO ENFORCE MANDATE

PER CURIAM.

The State moves to enforce our mandate issued May 24, 2017, after the trial court twice delayed resentencing Defendant, pending a request for discretionary review in the Florida Supreme Court.  We grant the motion.

At Defendant's initial resentencing, the trial court imposed a sentence below the minimum mandatory. On appeal, we vacated the sentence with instructions to impose the twenty-year minimum mandatory. We then denied Defendant's motions for rehearing and to stay issuance of our mandate. Nevertheless, on remand, at hearings held on June 19, 2017, and July 19, 2017, the trial court granted Defendant's request to postpone his resentencing, and to delay his return to custody because discretionary review is currently pending in the Florida Supreme Court.

After an appellate court issues a mandate, compliance is a ministerial act, and the circuit court is without authority to "modify, nullify, or evade that mandate." *Formor v. State*, 923 So. 2d 563, 564 (Fla. 5th DCA 2006) (citing *Huffman v. Moore*, 834 So. 2d 300, 301 (Fla. 1st DCA 2002)). Important here, a trial court may not evade a mandate by continuing a defendant's bond pending the supreme court's acceptance of discretionary review. *Hall v. State*, 958 So. 2d 1084, 1085 (Fla. 2d DCA 2007) (citing *State v. Broom*, 526 So. 2d 158, 159 (Fla. 2d DCA 1988)).

In *Hall*, the second district affirmed the defendant's sentence, and on remand, the circuit court continued the defendant's "release on bond apparently pending the possible acceptance of discretionary review of his case in the supreme court." *Id.* The second district then granted the state's motion to enforce mandate, reasoning that "[a]lthough a trial court may have some discretion to establish an orderly process by which a defendant is committed following an unsuccessful appeal, the delay in this case is not for that purpose." *Id.*

The logic in *Hall* applies here. Defendant attempts to distinguish *Hall*, noting that in that case, the circuit court delayed execution of the sentence rather than delaying

2

resentencing as the trial court did here. This argument misses the mark. A trial court may no more evade a mandate by delaying resentencing than it can evade a mandate by delaying execution of an affirmed sentence.

We grant the State's motion, and instruct the trial court to promptly resentence Defendant no later than ten days from the date of this opinion, in accordance with our mandate issued May 24, 2017, unless a stay is issued by the supreme court.

MOTION TO ENFORCE MANDATE GRANTED.

SAWAYA, EDWARDS and EISNAUGLE, JJ., concur.

3