DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONAL MILLWORK, INC.,** a Florida corporation,
Appellant,

v.

**ANF GROUP, INC.,** a Florida corporation, and **LIBERTY MUTUAL
INSURANCE COMPANY,** a foreign corporation,
Appellees.

No. 4D18-545

[September 26, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE17-014537.

Marshall A. Adams and Jarad A. Gibson of Lubell & Rosen, LLC, Fort Lauderdale, for appellant.

Laura A. Baker and Ira L. Libanoff of Ferencik Libanoff Brandt Bustamante & Goldstein, P.A., Fort Lauderdale, for appellees.

KUNTZ, J.

National Millwork, Inc. appeals an order granting ANF Group, Inc.'s motion to stay litigation and compel arbitration. National Millwork argues that portions of the arbitration clause are void because they violate public policy and that those offending portions of the agreement cannot be severed. We agree, in part, based on our conclusion that portions of the arbitration clause conflict with section 682.014, Florida Statutes (2016). But the circuit court is in a better position to determine, in the first instance, whether those portions of the agreement can be severed. Thus, we reverse, in part, and remand for further proceedings.

### Background

National Millwork entered into a "Subcontract" with ANF to provide doors for construction of an assisted living facility. Claiming over $100,000 remained due on the Subcontract, National Millwork filed a complaint for breach of contract against ANF and ANF's surety, Liberty Mutual.

ANF and Liberty Mutual moved to compel arbitration and stay the litigation, relying on an arbitration clause in the Subcontract providing that "[a]ny claim, dispute or other matter in question arising out of or related to this Subcontract Agreement shall be subject to arbitration."

In response, National Millwork argued a provision in the arbitration clause rendered it void and unenforceable. Section 15.7 states that on review of an arbitration award, "the court shall be empowered to address on review any failure by the arbitrator(s) to properly apply Florida la[w] to the dispute. To the extent the arbitrator(s) or the court fail to apply the law properly, the Award of the arbitrator(s) is subject to further review through the Florida appellate process." National Millwork argued this conflicted with the Revised Florida Arbitration Code.

After a hearing, the circuit court granted the motion to compel arbitration and stay litigation. National Millwork appeals the court's order compelling arbitration.

### *Analysis*

The Revised Florida Arbitration Code governs the confirmation, vacation, modification or correction, and appeal of an arbitration award. §§ 682.12-.14, .20, Fla. Stat. (2016).

The Subcontract purports to expand that judicial review. National Millwork argues the attempt to expand judicial review renders the arbitration provision void and unenforceable. We agree that the attempt to expand the scope of judicial review is unenforceable.

A court may vacate an arbitration award in limited and specifically enumerated situations. § 682.13, Fla. Stat. Those situations include an arbitration award "procured by corruption, fraud, or other undue means," or when there is "evident partiality," corruption, or misconduct on the part of the arbitrator. § 682.13(1)(a)-(b), Fla. Stat. An arbitration award may also be vacated when an arbitrator refuses to postpone a hearing or conducts a hearing without notice to a party, exceeds the powers given to the arbitrator, or when there was no agreement to arbitrate. § 682.13(1)(c)-(f), Fla. Stat.

Similarly, a court may modify an arbitration award when there is an imperfection in the arbitration award not affecting the merits of the decision, an evident mistake appears on the face of the award, or the award includes a matter not submitted to arbitration. § 682.14, Fla. Stat.

2

Considering similar provisions of the Federal Arbitration Act, the United States Supreme Court held that a party cannot expand the scope of judicial review. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 589 (2008). The Supreme Court noted that the applicable sections of the Federal Arbitration Act

> address egregious departures from the parties' agreed-upon arbitration: "corruption," "fraud," "evident partiality," "misconduct," "misbehavior," "exceed[ing] . . . powers," "evident material miscalculation," "evident material mistake," "award[s] upon a matter not submitted"; the only ground with any softer focus is "imperfect[ions]," and a court may correct those only if they go to "[a] matter of form not affecting the merits."

*Id.* at 586 (alterations in original) (quoting 9 U.S.C. §§ 10 and 11).

Explaining the "old rule of *ejusdem generis*," the Supreme Court stated that "when a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects comparable to the specifics it follows." *Id.* Applying the canon, the Supreme Court held that "[s]ince a general term included in the text is normally so limited, then surely a statute with no textual hook for expansion cannot authorize contracting parties to supplement review for specific instances of outrageous conduct with review for just any legal error." *Id.*

In *Hall Street*, the Supreme Court held that the bases for modifying or vacating an arbitration award in the Federal Arbitration Act are exclusive. *Id.* The Revised Florida Arbitration Code includes similar language, and the Court's reasoning in *Hall Street* can be applied to this case. But the Florida statute also explicitly states which portions of the Arbitration Code a party cannot amend by contract.

The Revised Florida Arbitration Code prohibits varying the requirements for a petition for judicial relief, permitting provisional remedies, conferring jurisdiction, and varying the bases for appeal of an arbitration award. § 682.014(2)(a)1., 3., 5., and 6., Fla. Stat. (2016). It also prohibits a party from waiving or agreeing to vary

> (d) A party's right to seek judicial enforcement of an arbitration preaward ruling under s. 682.081;

3

(f) The right to confirmation of an award as provided under s. 682.12;

(g) The grounds for vacating an arbitration award under s. 682.13;

(h) The grounds for modifying an arbitration award under s. 682.14[.]

§ 682.014(3)(d), (f), (g), and (h), Fla. Stat.

This prohibition is clear. A party may not expand the scope of judicial review of an arbitration agreement. As a result, here, the provision of the Subcontract seeking to do so is unenforceable.

But that does not end our inquiry. ANF and Liberty Mutual argue that even if we find the provision unenforceable, we can sever the unenforceable provision from the Subcontract.

The intent of the parties determines severability. *See Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 475 (Fla. 2011); *Gessa v. Manor Care of Fla., Inc.*, 86 So. 3d 484, 496–97 (Fla. 2011) (Polston, J., dissenting) (citation omitted) ("Severability has long been recognized in Florida's law of contracts and is determined by the intent of the parties."). And the Subcontract contained a detailed severability clause, which certainly is relevant to the severance analysis. *See Betts v. FastFunding The Co., Inc.*, 60 So. 3d 1079, 1082 (Fla. 5th DCA 2011) (citing *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1024 (Fla. 4th DCA 2005)); *VoiceStream Wireless Corp. v. U.S. Commc'ns, Inc.*, 912 So. 2d 34, 37 (Fla. 4th DCA 2005) (footnote omitted) ("[W]here the [ ] agreement includes a severability clause, the presence of certain unenforceable provisions in the contract does not require a finding that the arbitration agreement is unenforceable.").

But the circuit court did not address severability, and we decline to do so in the first instance. On remand, the court must determine whether the offending portions of the Subcontract were integral to the agreement to arbitrate. *See, e.g.*, *Obolensky v. Chatsworth at Wellington Green, LLC*, 240 So. 3d 6, 11 (Fla. 4th DCA 2018); *Gessa*, 86 So. 3d at 498 n.12 (Polston, J., dissenting) (citing *Gold, Vann & White, P.A. v. Friedenstab*, 831 So. 2d 692, 695–97 (Fla. 4th DCA 2002); *Harrison v. Palm Harbor MRI, Inc.*, 703 So. 2d 1117, 1119 (Fla. 2d DCA 1997)).

## *Conclusion*

We reverse the circuit court's order compelling arbitration and staying litigation and remand for further proceedings.

*Reversed and remanded.*

MAY and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**